AULTMAN, MILLER & CO., PLAINTIFFS IN ERROR; V. R. H. MALLORY, DEFENDANT IN ERROR.

1. **Conditional Sale.** A sale and delivery of goods, on condition that the property is not to vest until the purchase money is paid or secured, does not pass the title to the vendee until the condition is performed.

2. ————. No one can sell a greater interest in property than he possesses, unless the real owner so far encourages and sanctions the sale as to be estopped from asserting title to the property sold.

ERROR to the district court for Saline county. The case was thus:

Plaintiffs sold to one Johnson a Buckeye mower and reaper, receiving from him two notes payable to them. Afterward, Thomas B. Parker recovered a judgment against Johnson, issued execution thereon, which was placed in the hands of defendant, who was at the time a constable, who levied on the machine and took the same into his possession for the purpose of satisfying the debt of Johnson, and plaintiff replevied the machine from defendant.

The court below rendered judgment in favor of Mallory, and Aultman, Miller & Co. brought the cause here by petition in error.

From a stipulation on file it appears that neither the defendant in error nor the judgment creditors had any notice whatever of the contract between the plaintiffs and Johnson, nor that the machine was bought on credit by Johnson, nor were said notes recorded; and that the only claim that plaintiffs make to the machine is by virtue of a clause contained in the notes, given for the purchase price of the machine, that the title was not to pass until the notes were paid in full.

*M. B. C. True* and *W. H. Morris*, for plaintiffs in error, cited decisions by the courts of Maine, New Hampshire, Vermont, Massachusetts, Connecticut, New York, Ohio, Michigan, Wisconsin, Iowa, Indiana, and Kansas, in support of the point that chattels may be contracted for sale, and possession given under such contract; in which case the purchaser acquires no title before performance of the condition.

*Hastings & McGintie*, for defendant in error, contended that where there is a sale and nothing remains to be done by the vendor, as between him and the vendee, the property in the thing sold vests in the vendee. Benjamin on Sales, 2d ed., 233. And in this case, it seems there was a sale of the machine and nothing remained to be done by the seller except to receive the money on the notes when they became due. Is a sale of property, upon the terms and conditions contained in the notes, intended by the parties as mortgage or security? If so, then clearly the same was fraudulent and void as to creditors or subsequent purchasers in good faith, by our statute of frauds. General Statutes, 393.

The selling and delivery of personal property to another, upon condition that the title does not pass from the vendee until the purchase price is paid, while between the original parties it may be good and the condition sustained, yet as between creditors of the vendee and innocent purchasers the same is fraudulent and contrary to public policy, and will not be enforced. *Davis v. Bigler*, 62 Penn. State, 242. *Ketchum v. Watson*, 24 Ill., 591. *Webster v. Peck*, 31 Conn., 495. *Steelyards v. Singer*, 2 Hilton, 96. *Western Transportation Co. v. Marshall*, 37 Barb., 509. *Haak v. Linderman*, 64 Penn. State, 499. *Morris v. Grover*, 3 Ill., 529. *Smith v. Lynes*, 5 New York, 41.

MAXWELL, J.

A sale and delivery of goods, on condition that the property is not to vest until the purchase money is paid or secured, does not pass the title to the vendee until the condition is performed; and a vendor, in case the condition is not fulfilled, has a right to repossess himself of the goods, both against the vendee and against his creditors. Story on Sales, Sec. 313. *Hussey v. Thornton*, 4 Mass., 405. *Marston v. Baldwin*, 17 Mass., 606. *Barrett v. Pritchard*, 2 Pick., 512. *Hill v. Freeman*, 3 Cush., 257. *Gambling v. Read*, 1 Meigs, 281. *Bigelow v. Huntley*, 8 Vt., 151. *Smith v. Foster*, 18 Vt., 182. *Brewster v. Baker*, 20 Barb., 364. *George v. Stubbs*, 26 Maine, 243. *Sewall v. Henry*, 9 Ala., 24.

No one can sell a greater interest in property than he possesses, unless the real owner so far encourages and sanctions the sale as to be estopped from asserting title to the property sold. Where goods are delivered to the vendee, the intention of the parties determines the interpretation to be given to the delivery. If the vendor, or his authorized agent, delivers goods unconditionally, he cannot afterward assert a claim of title thereto; or if, having delivered the property to the vendee conditionally, he afterward in any manner waives his right to the *title* of the property sold, he cannot afterward maintain an action of replevin to recover possession thereof. But the question of waiver, when put in issue, is a question of fact that should be submitted to the jury. See *Estabrook v. Omaha Hotel Co., ante*, p. 76.

In this case, the court instructed the jury to return a verdict for the defendant; in this there was error. The judgment of the district court is, therefore, reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.