IN THE

# SUPREME COURT OF NEBRASKA.

## JANUARY TERM, 1880.

---

PRESENT:

Hon. SAMUEL MAXWELL, Chief Justice.
" GEORGE B. LAKE, } Judges.
" AMASA COBB,

---

BLUNK BROTHERS, PLAINTIFFS IN ERROR, v. F. B.
KELLEY, DEFENDANT IN ERROR.

**Construction of Statutes:** CONTRACTS. The act to prevent
the fraudulent transfer of personal property, approved Febru-
ary 19, 1877, does not apply to contracts entered into before the
act took effect.

ERROR to the district court of Lancaster county.
Tried before POST, J. The facts appear in the opinion.

*N. H. Bell*, for plaintiffs in error.

1. A statute which takes away or impairs any vested
right acquired under existing laws, or creates a new
obligation, or imposes a new duty, or attaches a new

disability in respect to transactions or considerations already past, is deemed to be retrospective or retroactive. Sedgwick on Stat. and Const. Law, 2 Ed., p. 160. *Society for Prop. of Gospel v. Wheeler*, 2 Gallison, 105.

2. To allow the act to affect the rights of plaintiffs in error is to make it retrospective. Courts will not give this effect to an act unless it was clearly the intention of the legislature, as shown by the language of the act itself. Sedgwick Stat. and Const. Law, 160. *Young v. Hughes*, 4 H. & N., 76. *Williams v. Smith*, 4 H. & N., 558. *Martin v. State*, 22 Tex., 214. *Aurora v. Holthouse*, 7 Ind., 59. *Bond v. Munro*, 28 Geo., 597. *Gerry v. Stoneman*, 1 Allen, 319. *Parsons v. Payne*, 26 Ark., 124. *Dash v. Van Kleeck*, 7 John., 477. *Varick v. Briggs*, 6 Paige, 332.

*J. R. Gilkerson*, for defendant in error, cited Sedg. Stat. and Const. Law, 262. *Jackson v. Lamphire*, 3 Peters, 289. Potter's Dwarris on Statutes, pp. 473, 478, 479. *Stocking v. Hunt*, 3 Denio, 274. *Sullivan v. Brewster*, 1 E. D. Smith, 681. *Miller v. Moore*, 1 E. D. Smith, 639. 1 Kent Com., 455. *Fairchilds v. Gwynn*, 16 Abb., Pr. R., 31. Cooley on Const. Lim., 558. Potter's Dwarris on Statutes, 164.

MAXWELL, CH. J.

This is an action of replevin, commenced before a justice of the peace. On appeal to the district court the case was tried upon the following stipulation:

"The case shall be submitted to the court on one question, viz.: whether plaintiffs, who had sold the property in controversy, taking therefor a note from the purchaser, providing that the title and ownership of the property should remain in Blunk Brothers until the note was fully paid, can take and hold the prop-

erty, who claims under an execution levy, made after the taking effect of the law below referred to, and without notice of plaintiffs' claim. It is conceded that the property had been sold by Blunk Brothers before the law took effect requiring notes of the kind above stated, or copies thereof, to be filed with the county clerk, in order that the owner of the note may hold the property against subsequent purchasers in good faith. Would this act of the legislature have a retrospective operation so as to require Blunk Brothers to file a copy of the note that was executed before the act took effect, in order that they might hold the property against defendant? If the question is resolved in favor of Blunk Brothers, then judgment to be entered for them—as prayed for in the petition—otherwise the finding to be for the defendant."

The court rendered judgment in favor of the defendant. The plaintiffs bring the cause into this court by petition in error.

It appears from the bill of exceptions that the property in dispute consisted of a sixteen-inch riding sulky plow and a cultivator; and the defendant, as a judgment creditor, purchased the property at a sale under an execution against one Williamson.

The act "to prevent the fraudulent transfer of personal property," approved February 19, 1877 [Laws 1877, p. 170], provides: "That no sale, contract, or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any purchaser or judgment creditor of the vendee or lessee, in actual possession, obtained in pursuance of such sale, contract, or lease, without notice, unless the same be in writing, signed by the vendee or lessee, and a copy thereof filed in the office of the clerk of the county within which said vendee or lessee resides," etc.

Before the passage of this act it was held that a sale or delivery of goods, upon condition that the property was not to vest until the purchase money was paid or secured, did not pass the title to the vendee until the condition had been performed. *Aultman v. Mallory*, 5 Neb., 178. In that case the plaintiffs had sold to one, Johnson, a mower and reaper, receiving from him two notes, payable to them, containing a condition that the title to the property should not pass until the notes were paid. One, Parker, having recovered a judgment against Johnson, caused an execution to be levied upon the machine in question, the plaintiffs brought an action of replevin, and it was held that they were entitled to the possession of the property. Has the statute changed the law as to contracts existing at the time of its passage? We think not. The contract in question was valid at the time it was entered into, and the title of the property in question did not pass to the vendee until payment of the amount due the plaintiffs. The legislature, in the passage of the act of 1877, did not attempt to apply the same to existing contracts. The statute was designed to affect only such contracts as were entered into after the law took effect. This being the case, the plaintiffs are entitled to judgment. The judgment of the district court is reversed; and judgment is entered in this court in conformity to the stipulation.

JUDGMENT ACCORDINGLY.