A. M. McPHAIL & CO. v. JOSHUA GERRY.

*Lien Law.    Conditional    Vendor.    Attaching    Creditor    with
Notice.    R. L. s. 1992.    Deposition.
Punctuation of Statute.*

1. In the statute, R. L. s. 1992, relating to the lien of conditional vendors, the words,
   " without notice," refer to and qualify the words, " attaching creditors," as
   well as the words " subsequent purchasers."
2. Under the statute the rights of a conditional vendor are superior to those of an at-
   taching creditor *with knowledge of the lien*, though the lien was not recorded
   within thirty days. It is immaterial from what source the knowledge is ob-
   tained.
3. The punctuation of the original act, as passed by the legislature. governs instead
   of that of the printed copy.
4. When there is no exception to the report of a referee the court will not pass upon
   his ruling in regard to a deposition.
5. R. L., s. 1992, vendor's lien, construed.

TRESPASS for taking a piano on which the plaintiffs had a lien.
Heard, December Term, 1881, Orange County court, on the re-
port of a referee, POWERS, J., presiding. Judgment *pro forma*
for defendant.

The referee reported that the plaintiffs, on the 7th day of June,
1876, sold and delivered to one Mark S. Page a piano for the
price of $300; that they took a note for the same, payable in in-
stallments of $25 each month, and reserved a lien on the piano,
as follows: " Which said piano is to remain the property of said
McPhail & Co. until the above sum of $300 is paid in full; and
the said McPhail & Co. have the right to take possession of said
piano at any time on failure of any of the above payments; and
all payments before made to be forfeited"; that, on the 18th day
of July, 1876, the note and lien were recorded in the town
clerk's office of Bradford; that on the 24th day of October, 1876,
the defendant caused the piano to be attached on a writ in his
favor against said Page and as said Page's property; that several
other creditors of Page also attached the piano, executions issued,
and the piano duly and regularly sold thereon; and that a con-

siderable amount of the note was due and unpaid at the time ot the attachment, but that the plaintiffs had not taken possession of the piano, although they attempted to do so on the day it was attached. On the question of the defendant's knowledge of the plaintiffs' lien the referee reported :

"Before the defendant attached the piano as aforesaid he knew from said Page that plaintiffs had a lien thereon for the purchase money ; but he thought the lien was not good, because not seasonably recorded. Page did not show defendant the lien, nor did he ever see it ; but he had been informed and knew that it was recorded, but he never saw the record."

On the hearing it appeared that the plaintiffs had taken two depositions, one earlier than the other, of Thankful C. Page. Only one was read. The other one had never been filed, nor used in evidence, but had been opened and the plaintiffs had it at the hearing. The defendant's counsel asked the referee to order the deposition to be produced. The referee refused to make the order.*

*Farnham & Chamberlain*, for the plaintiffs.

Notice of the lien answers all the purposes of a record. *Kelsey* v. *Kendall*, 48 Vt. 27. In the original engrossed bill there is a comma before the words " without notice." · This punctuation leaves no doubt that the legislature intended that the words " without notice," should apply to both " attaching creditors " and " subsequent purchasers." *Bugbee* v. *Stevens & Bagley*, 53 Vt. 389 ; *Whitcomb* v. *Woodworth*, 54 Vt. 74, 544. Alabama and Iowa have statutes similar to ours. In both notice is equivalent to a record. *Magee* v. *Carpenter*, 4 Ala. 469 ; *Smith & Co.* v. *Zuchee*, 9 Ala. 208, 921 ; *Dearing* v. *Watkins*, 16 Ala. 20 ; *De-Verdal* v. *Malvone*, 25 Ala. 272 ; *Boyd* v. *Beck*, 29 Ala. 703 ; *McGuvern* v. *Haupt*, 9 Iowa, 83 ; *Allen* v. *McAlla*, 25 Iowa, 464 ; Jones Chat. Mortg. ss. 31, 317 ; 47 Iowa, 418 ; 51 Iowa, 655 ; 59 Ala. 503 ; 33 Vt. 252 ; 12 N. H. 339 ; 13 N. H. 46 ; 8 Vt. 373.

---

* The printed statute of 1872, No. 51, is as follows: "No lien reserved on personal property sold conditionally and passing into the hands of the conditional purchaser shall be valid against attaching creditors or subsequent purchasers without notice," &c.

*John H. Watson*, for the defendants.

The notice, in order to be sufficient, must emanate from the party holding or claiming to hold the lien. R. L. s. 1069 ; *Stevens* v. *Wrisley*, 30 Vt. 661, 665, 701 ; *Bank* v. *Drury*, 35 Vt. 469. The record of the lien having been made more than thirty days after the delivery of the property, had no force. *Bugbee* v. *Stevens & Bagley*, 53 Vt. 389 ; 2 Watts, 78. The words " without notice " refer to and grammatically limit simply the words " subsequent purchasers," and not the words " attaching creditors." The intent of the legislature must have been to so amend the statute of 1870 as to make it comply with the general law and policy of the State relating to the sale of personal property and the accompanying change of possession. *Daniels* v. *Nelson*, 41 Vt. 161 ; *Hart* v. *Bank*, 33 Vt. 263 ; *Perrin* v. *Reed*, 35 Vt. 2. But if creditors are affected with notice, it must be actual. 3 Ves. 478 ; 19 Ves. 435 ; 1 Mod. 300 ; 31 E. L. & Eq. 89 ; Jones Chat. Mortg. s. 309 ; 19 Me. 167 ; 13 Met. 200. Burden on plaintiff to show sufficient notice. *Whitcomb* v. *Woodworth*, 54 Vt. 544.

The opinion of the court was delivered by

TAFT, J. The disposition of this case depends upon the construction of the act of 1872, relating to liens reserved on property sold ; whether the words " without notice " refer to and qualify the words " attaching creditors," as well as " subsequent purchasers." The defendant contends that they do not, as there is no comma after the word " purchasers "; but it appears that in the original act the comma was there inserted ; and in this respect the original act must govern instead of the printed copy. We think the construction contended for by the defendant should not be given the printed act. It is not the natural one ; and there is no reason why a person attaching property which he knows is not that of his debtor should stand in a more favored situation in respect to it than one who buys it with like knowledge. It is immaterial from what source such knowledge is obtained. The question is, did he have notice of such lien ? If he did, he acquired no rights as against the vendor. We think the notice in this case sufficient. He knew of the plaintiff's lien, and of its record, but

had not seen it; he was an attaching creditor with notice. No exception was taken to the report of the referee as to the ruling in regard to the deposition of Thankful C. Page. The question, therefore, is not before us.

The judgment of the County Court is reversed, and judgment for plaintiff.

Ross and ROWELL, JJ., did not sit.