## LOUIS PETERSON V. JAMES W. TUFTS.

[FILED FEBRUARY 17, 1892.]

Sale: CONDITIONAL CONTRACT FOR: VALIDITY. A contract for the sale and delivery of personal property upon condition that the title is to remain in the vendor until the purchase price is paid, is invalid, as against purchasers in good faith, judgment and attaching creditors of the vendee, without notice, unless a copy of the contract is verified and filed in the manner pointed out in section 26, chapter 32, of the Compiled Statutes.

ERROR to the district court for Douglas county. Tried below before DAVIS, J.

*Howard B. Smith,* and *Clinton N. Powell,* for plaintiff in error, cited: *McCormick v. Stevenson,* 13 Neb., 72.

*Cornish & Robertson, contra,* cited: *Garwood v. Garwood,* 4 Hal. [N. J. L.], 193; *Daniels v. Sorrells,* 9 Ala., 436; *Tutwiler v. Montgomery,* 73 Id., 263.

NORVAL, J.

On August 11, 1888, and for some time prior thereto, William R. Eaton and M. A. Eaton were engaged in the confectionery business in Omaha, under the firm name of Eaton Bros. On that day two attachment suits were commenced against them, one in favor of Henry J. Druce, and the other by McCague Bros. The writs of attachment were delivered to Louis Peterson, plaintiff in error, as constable for execution. The officer attached the stock of Eaton Bros., the attachment of Druce having priority. In the stock was the soda water fountain in controversy in this suit.

On the 25th day of August, 1888, Henry J. Druce obtained judgment in his suit for $45 and costs, and on the 12th day of October, 1888, McCague Bros. recovered

judgment in their action for the sum of $500 and costs. The former judgment was paid in full, and the latter partly paid out of the proceeds of the attached property.

While the property was in the possession of the constable under the two writs of attachment, the defendant in error brought this suit to recover the possession of the soda fountain, which was taken by the sheriff under the writ of replevin, and delivered to the defendant in error. The case was tried to a jury, which resulted in a verdict in favor of James W. Tufts, the plaintiff below.

The evidence shows that on the 21st day of March, 1888, James W. Tufts sold the fountain to Eaton Bros. for the agreed price of $2,000, of which $500 was to be paid in cash, and the balance was to be paid in monthly payments of $50 each, with interest at five per cent. The contract was in writing, and contained, among others, the following stipulation: "The delivery of said apparatus, etc., to be conditioned upon compliance with the above terms and conditions, and said apparatus to remain the property of James W. Tufts till paid for." Neither the contract nor a copy thereof was filed in the office of the clerk of Douglas county. The sum of $500 had been paid on the fountain, and no more. The defendant in error claims the property by virtue of the clause of the contract above quoted.

The evidence introduced on behalf of the plaintiff below tended to show that prior to the levying of the attachments McCague Bros. were notified of the terms of the contract under which Eaton Bros. held the fountain, and that nothing had been paid thereon except the $500. The defendant's evidence was to the effect that McCague Bros. had no notice of the contract of conditional sale, but supposed that Eaton Bros. were the absolute owners of the fountain.

The question for determination arises upon the instruction of the court to the jury to return a verdict for the

plaintiff.   Whether the court erred in directing the verdict depends upon the construction placed upon section 26, chapter 32 of the Compiled Statutes, which provides "That no sale, contract, or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any purchaser or judgment creditor of the vendee or lessee in actual possession, obtained in pursuance of such sale, contract, or lease, without notice, unless the same be in writing, signed by the vendee or lessee, and a copy thereof filed in the office of the clerk of the county within which such vendee or lessee resides; said copy shall have attached thereto an affidavit of such vendor or lessor, or his agent or attorney, which shall set forth the names of the vendor and vendee or lessor and lessee, or description of the property transferred, and the full and true interest of the vendor or lessor therein.   All such sales and transfers shall cease to be valid against purchasers in good faith, or judgment or attaching creditors without notice, at the expiration of five years, unless such vendor or lessor shall, within thirty days prior to the expiration of the five years from the date of such sale or transfer, file a copy thereof, verified as aforesaid, in the office of said clerk, and the said vendor or lessor may preserve the validity of his said sale or transfer of personal property by an annual refiling in the manner as aforesaid, of such copy."

As between Tufts and Eaton Bros. and all others with notice, it must be held that the title and ownership of the fountain did not pass to Eaton Bros. until they complied with the conditions upon which the sale was made, by paying the entire purchase price to the vendor.   Were it not for the above section of the statute, the sale of personal property on condition that the title or ownership should not pass to the purchaser until the purchase money is paid would be valid and binding as against the creditors of the vendee, even though a copy of the contract of sale was not

recorded, and the creditors had no notice thereof. This was expressly declared in *Aultman v. Mallory*, 5 Neb., 178.

The question is, how far this rule has been changed by statute? It is argued by defendant in error, and such was the theory of the court below, that the section quoted has the effect only to protect *bona fide* purchasers and judgment creditors of the vendee or lessee, and that it affords no protection to attaching creditors. By the first part of the section it is enacted, " that no sale  *  *  *  . shall be valid against any purchaser or judgment creditor of the vendee or lessee in actual possession, obtained in pursuance of such sale, contract, or lease without notice, unless the same be in writing, signed by the vendee or lessee, and a copy thereof filed in the office of the clerk of the county," etc.   If this provision stood alone, the construction contended for by the defendant in error would, doubtless, be sound, unless it should be held that when the plaintiff in attachment recovers a judgment, his rights as a judgment creditor relate back to the time of the levy of the attachment.   Whether the doctrine of relation applies we will not now stop to discuss or determine, for as we read the first part of the section, in connection with the provisions following it, we conclude that it was the intention of the legislature to place attaching creditors upon the same footing with judgment creditors as regards conditional sales and leases of personal property.   It is a familiar rule applied in the construction of statutes that all the provisions of an act are to be construed together, giving effect, if possible, to every word therein.   It will be observed that the section under consideration also declares that "all such sales and transfers shall cease to be valid against purchasers in good faith or judgment or *attaching creditors* without notice at the expiration of five years," unless a copy of the contract is again filed with the county clerk within thirty days prior to the expiration of the five years, and the validity of the sale or transfer may be preserved by an

annual refiling of such copy. It is evident that a conditional sale or transfer of personal property could not cease to be valid as to attaching creditors without notice unless such sale or transfer was once valid as against such creditors. It is not reasonable to suppose the legislature would have required, as it has done, that copies of conditional sale contracts be filed before the expiration of five years from their date, and annually thereafter, in order to preserve their validity as to attaching creditors, if such contracts were valid as to such creditors, in the first instance, without filing. The necessity is much greater for requiring copies of such contracts to be filed in the first instance in order to make such sales valid as to attaching creditors for the five years following the sale than after that period, for the reason that in most cases the conditions upon which the sales are made will have been fulfilled before the five years have elapsed, leaving but a small proportion of such contracts in force after that time to be affected by the section. If such contracts are valid without filing for five years as against attaching creditors, why should they, after that time, be annually refiled so as to preserve their validity as against such creditors? We think it was the policy of the legislature to place attaching creditors on an equality with creditors who have reduced their claims to judgments, so far as conditional sales of personal property are concerned, and that such intention is manifest from the language employed in the section quoted.

We have examined the three authorities cited by the defendant in error. *Daniel v. Sorrells et al.,* 9 Ala., 436, is based upon the statute of Alabama, relating to the registry of conveyances of real estate which declares that "all deeds recorded within six months from the date of their execuion, shall have force, and be valid and operative between the parties thereto and subsequent creditors and purchasers; and all deeds recorded after the expiration of six months shall be valid and operative from the date of their

registration, as to creditors and subsequent purchasers; *Provided,* The same shall be valid at all times between the contracting parties thereto." It was ruled that the section did not apply to creditors at large, but such as have obtained a lien by the recovery of a judgment.

The statute of that state was subsequently changed by substituting the term judgment creditors for the word creditor. Under the section as thus changed the case of *Tutwiler v. Montgomery,* 73 Ala., 263, arose, in which it was held that the only class of creditors protected by the statute against unregistered conveyances of land, whether absolute or conditional, are judgment creditors. The case of *Garwood v. Garwood,* 4 Hal. [N. J. Eq.], 193, construes the statute of New Jersey, which declares that every deed or conveyance of or for any lands, tenements, or hereditaments to any purchaser of the same, shall be void and of no effect against a subsequent judgment creditor, or *bona fide* purchaser or mortgagee, for a valuable consideration, not having notice thereof, unless such deed or conveyance shall be acknowledged or proved and recorded, or lodged for that purpose within fifteen days after the time of signing, sealing, and delivering the same. It was held that when judgment is rendered on an attachment, and not earlier, the plaintiff acquires the character of a judgment creditor, and that the omission to record a deed within fifteen days after it is executed does not invalidate it, if recorded before judgment is rendered, although the land was previously attached. The statutes under which these cases were decided are materially different from our own. They do not include the term "attaching creditors" which appears in the section we have under consideration, and the authorities cited do not conflict with the construction we place upon our statute.

As the evidence before the jury was conflicting as to whether McCague Bros. or their attorneys, prior to the levy of the attachments, were informed of the lien of Tufts

upon the fountain, the court should not have directed a verdict, but should have submitted the disputed question of fact to the jury for their determination. If the attaching creditors or their attorneys had such notice, it is as effectual as the filing of the contract to render the sale and transfer valid. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.