## SINGER MANUFACTURING CO. *vs.* JOHN NASH.

### January Term, 1898.

Present: TAFT, ROWELL, TYLER, START and THOMPSON, JJ.

*V. S. 1627—Issue Tried by Court—No Fact Inferred 'beyond Statement—Conditional Vendor's Lien—Attaching Creditor Must Show Affirmatively that he had no Notice of the Lien.*

One who seeks by attachment to appropriate the property of a conditional vendor to the payment of a debt of the conditional vendee, must bring himself within the terms of the statute giving such right, and must, therefore, show affirmatively that he had no notice of the lien.

V. S. 2290, construed.

When an issue of fact is tried by the county court under V. S. 1627, this court cannot infer any fact not embraced in the statement required to be signed by a majority of the trial judges.

*Hall & Chase* v. *Simpson*, 63 Vt. 601, followed.

REPLEVIN. Plea, not guilty. Trial by court at the June Term, 1897, Bennington County, *Ross*, C. J., presiding. Judgment for the defendant. The plaintiff excepted.

*Batchelder and Bates*, for the plaintiff.

*Barber and Darling*, for the defendant.

START, J. The action is replevin for one sewing machine. The facts were found and filed by the court below, as is provided by V. S. § 1627. The plaintiff claims title under an unrecorded instrument, from which it appears that I. S. Levine & Co., rented the machine in question of the plaintiff and agreed to pay twenty-five dollars on delivery of the machine, as rent for the first month, and ten dollars each month thereafter for the term of ten months, with the right to purchase the machine at any time within said term by paying the sum of one hundred and twenty-five dollars, less the sums paid as rent. While the machine was in the possession of Levine & Co., the defendant, as deputy sheriff attached the same as the property of Levine & Co., on a writ in favor of a creditor of Levine & Co. The machine was duly demanded of the defendant, and he refused to give it up. The court held, that the instrument was, in legal effect, a conditional sale of the machine to Levine & Co.; that the attachment created a lien in favor of the creditor, and that the defendant could justify his detention of the machine under his plea of not guilty. The court rendered judgment for the defendant, and the plaintiff excepted.

The plaintiff's exception to the judgment presents for consideration the question, What judgment ought to have been rendered on the facts found? In passing upon this question, we are restricted to the facts found and filed in the court below. The statute precludes us from presuming that other facts appeared. V. S. 1627, provides, that, when a case is tried by court, which might have been tried by jury, a written statement of facts, signed by a majority of the court, shall be filed with the court before exceptions are allowed; and

that no other or different facts at issue in a cause so tried shall be allowed in the bill of exceptions, except such as relate to the admission or rejection of evidence. In *Hall & Chase* v. *Simpson*, 63 Vt. 601, it is said that the intention of the legislature to confine the case strictly to the statement filed within thirty days, is apparent from every provision of the act.

V. S. 2290, provides, that, no lien reserved on personal property sold conditionally and passing into the hands of the conditional purchaser shall be valid against attaching creditors or subsequent purchasers without notice, unless the vendor of such property takes a written memorandum, signed by the purchaser, witnessing such lien, and the sum due thereon, and causes it to be recorded in the office of the clerk of the town where the purchaser of such property resides, if he resides in this state, otherwise in the office of the clerk of the town where the vendor resides, within thirty days after such property is delivered. At the time of the passage of this statute, an unrecorded vendor's lien was good, not only between the parties but as against attaching creditors and subsequent purchasers. The enactment made an exception to the law as it then stood, in favor of attaching creditors and subsequent purchasers *without notice*, but as against all others the law remained the same as it was before the enactment, and the rights of a conditional vendor are superior to those of an attaching creditor with knowledge of the lien, notwithstanding the lien is not recorded. *McPhail & Co.* v. *Gerry*, 55 Vt. 174; *Watson* v. *Goodno*, 66 Vt. 229. In the court below, the defendant sought to justify his detention of the property by showing that the rights of the attaching creditor for whom he held the property were superior to those of the plaintiff. It does not appear that he sought to justify his acts upon any other ground; and, in this court, he defends solely upon the ground that the lien was inoperative as against the attaching creditor whom he represents,

because it was not recorded. Upon the issue thus made in the court below, the burden was on the defendant to show that the creditor for whom he made the attachment was such a creditor as the statute declares that an unrecorded lien shall not be valid against. It was for him to show that he held the property for an attaching creditor *without notice*. The plaintiff was under no duty to show that the attaching creditor had notice of his lien. When a party seeks to appropriate the property of a conditional vendor to the payment of the debt of a conditional vendee, he must show that he is within the terms of the statute giving such right. He must show that he did not have notice of the vendor's lien. The language of the statute imports this, and the fact that he had, or had not, such notice, at the time of the attachment, is peculiarly within his knowledge. It is a rule of evidence, well recognized, that, when the means of proof are, from the nature of the case, peculiarly within the knowledge or control of one party and not of the other, the burden of proof is on the party having such knowledge. Thus in *State v. Nulty*, 57 Vt. 543, it is held that, in a prosecution for the sale of intoxicating liquor without authority, the state is not bound to prove want of authority. It not appearing that the attaching creditor did not know of the lien, at the time of the attachment, the judgment must be reversed.

> *Judgment reversed, and judgment for the plaintiff to recover of the defendant one cent damages and its costs.*