COMBINATION GAS-MACHINE COMPANY v. HORACE P. KING.

FILED OCTOBER 5, 1898.   No. 8295.

Conflicting Evidence: REVIEW: CONDITIONAL SALES.  A judgment based on a finding on evidence in which there is a conflict relative to the material point, but of which there is sufficient in support of the finding, will not be disturbed.

ERROR from the district court of Saline county. Tried below before HASTINGS, J.   *Affirmed.*

*Joshua Palmer* and *E. S. Abbott,* for plaintiff in error.

*J. D. Pope, contra.*

HARRISON, C. J.

It appears that during the year 1887, Lusk Brothers erected a building on a lot in Friend, Nebraska, and purchased of the plaintiff company a "combination gas machine," and it was placed in said building. The transfer to the Lusk Brothers was what is denominated a "conditional sale." After the completion of the building certain liens on the property were foreclosed by action, and

in a resultant sale the premises were purchased by one
E. I. Ferguson, by whom they were sold and conveyed to
the defendant in the suit. Lusk Brothers failed to per-
form the condition of the sale of the machine to them, or
never paid the company for the same, and for the com-
pany there was a demand made on Horace P. King, the
defendant herein, that he pay for the machine or allow
the company to take possession thereof, and on his re-
fusal of either and both branches of the demand this suit
was commenced for the company to recover the value of
said machine. The result of the trial of the issues was a
judgment for the defendant, of which the plaintiff seeks
a reversal in an error proceeding to this court.

The trial was to the court without a jury and the as-
signments of error are in substance contained in the two:
"That the finding of the court was contrary to law," and
"that the finding of the court was contrary to the evi-
dence." It was of the admitted facts that there was not
filed in the office of the clerk of the proper county a copy
of the contract by which the conditional sale of the gas
machine was evidenced, as is provided in section 26 of
chapter 32, Compiled Statutes; but the contention for
the plaintiff is that the defendant, when he purchased
the property, had actual notice of the condition of the
sale of the gas machine to Lusk Brothers, and that the
same was unperformed and unfulfilled, and he could not
hold it against the company, and his appropriation of it
was a conversion. It may be said that it has been decided
that actual notice is as effectual to bind a purchaser and
give the condition of a sale force against him, as is the
filing of the contract in the manner and place prescribed
by the statute (see *Peterson v. Tufts,* 34 Neb. 8); but the
consideration of the question and its decision herein is
unnecessary, for, if it be conceded that actual notice
would have been in this instance sufficient, then the set-
tlement of the litigation must hinge entirely upon the
point of what was shown by the evidence in regard to the
actual notice of defendant of the condition. The evidence

on this subject was conflicting, and a finding that he was without notice had ample support, and must be left undisturbed. The judgment of the district court was without error and is

AFFIRMED.