In re HINSDALE.

(District Court, D. Vermont. October 31, 1901.)

BANKRUPTCY—TITLE OF TRUSTEE—PROPERTY SOLD TO BANKRUPT CONDITION-
ALLY.

V. S. § 2290, which provides that no lien reserved on personal property
sold conditionally, and which passes into the hands of the conditional
purchaser, shall be valid "against attaching creditors or subsequent
purchasers without notice" unless a memorandum is signed by the pur-
chaser and filed, does not enlarge the rights of a trustee in bankruptcy in
respect to goods which had been furnished to the bankrupt, to be paid
for as sold by him, or to become his property when paid for, and which
had not been paid for; and since the title to such goods did not pass at
common law under such circumstances, the sellers have the right to
retake the same.

In Bankruptcy.

Frank S. Williams, for petitioners.

Matthew M. Gordon and George A. Swasey, for trustee.

WHEELER, District Judge. The Berry Hall Company and the
Walker Grocery Company put groceries into the store of the bank-
rupt for sale by him; those of the former to be paid for as sold,
those of the latter to become his when paid for. They have filed
petitions for the goods unsold, which have been heard. The title
to goods does not pass under either of these circumstances at com-
mon law. Am. & Eng. Enc. Law (2d Ed.) 436, 798, and note;
Manufacturing Co. v. Nash, 70 Vt. 434, 41 Atl. 429. It is provided
(V. S. § 2290) that "no lien reserved on personal property sold con-
ditionally, and passing into the hands of the conditional purchaser,
shall be valid against attaching creditors or subsequent purchasers
without notice unless the vendor takes a written memorandum, sign-
ed by the purchaser witnessing such lien, and the sum due thereon,"
and causes the same to be recorded within 30 days. The facts
found by the referee show no such record, and the want of it is
much relied upon on behalf of the trustee. But this statute applies
only to such as come within its description. Manufacturing Co. v.
Nash, 70 Vt. 434, 41 Atl. 429. The trustee is neither an attaching
creditor nor subsequent purchaser, but is a successor, like an exec-
utor or administrator, taking the title of the bankrupt. Bankr.
Act. § 70. He may have rights to property conveyed by the bank-
rupt in fraud of creditors that the bankrupt could not enforce, but
the question here is not as to whether the bankrupt validly conveyed
the property, but whether he fully acquired it. The property had
been attached before the bankruptcy proceedings, but, if that at-
tachment became a lien paramount, it could probably be preserved
only by the trustee being allowed to be subrogated to the rights
of the creditor, under the provisions of section 67, "Liens," cl. 3,
no question in respect to which is presented here.

Property decreed to petitioners.