## CRUMRINE ET AL. v. REYNOLDS.

CONDITIONAL SALES—FAILURE TO FILE—BANKRUPTCY OF VENDEE—ATTACHING CREDITOR, RIGHTS OF—NOTICE OF LIEN—REPLEVIN—EVIDENCE—BURDEN OF PROOF—STATUTES.

1. A trustee in bankruptcy, so far as he stands upon the rights of the bankrupt as his representative, is in no better position than the latter to contest the title of the vendor under an unrecorded conditional contract of sale.

2. A statute borrowed from another state is presumed to have been adopted with the construction theretofore placed upon it by the courts of that state.

3. A contract of conditional sale not filed as required by statute is invalid against attaching as well as judgment creditors without notice.

4. Though the contract reserving title in the vendor be not filed as required by statute, the rights of the vendor of personal property sold conditionally are superior to those of judgment or attaching creditors of the vendee with notice.

5. Conceding that proceedings in bankruptcy operate as a lien upon the property of the bankrupt, the same as though a writ of attachment had been levied upon it, the trustee, as representative of the creditors, will have no greater rights than they would have as attaching creditors, with respect to personal property held by the bankrupt under an unfiled conditional sale; and, hence, without a showing that some

such creditor was without notice the title of the conditional vendor will be superior to that of such trustee.

6. In replevin by a conditional vendor to recover possession of the property, where the defendants assert title in third parties because of the failure to file the contract of sale, the burden of proof rests upon them to show that such third parties were in a situation to claim the protection of the statute requiring the filing of conditional contracts of sale to be valid against judgment or attaching creditors and purchasers without notice.

7. In replevin by a conditional vendor, the contract not being filed and the vendee having been declared a bankrupt while in possession and a trustee appointed, it cannot be held that such vendor was without title, upon a claim that the trustee had the title by reason of the failure to file the contract, where the evidence fails to disclose that any creditor of the bankrupt vendee was without notice.

[Decided November 14, 1904.]                (78 Pac., 402.)

ERROR to the District Court, Albany County, HON. CHARLES W. BRAMEL, Judge.

Replevin by Allan D. F. Reynolds against Eli Crumrine and Robert H. Homer, for property previously delivered by the plaintiff to one A. E. Miller under a conditional sale contract, which had not been filed. The plaintiff recovered judgment, and defendants prosecuted proceedings in error. The facts are stated in the opinion.

*N. E. Corthell,* for plaintiff in error.

In replevin the plaintiff must succeed upon the strength of his own title, and not upon any weakness which he may point out in the title of the defendant. (Schulenberg v. Harriman, 21 Wall., 44; Johnson v. Neale, 6 Allen, 227; Cavanaugh v. Brodball (Neb.), 59 N. W., 517.)

The filing of the petition in bankruptcy operated as a caveat to all the world, and in effect an attachment and injunction; and, from adjudication, title to the bankrupt property became vested in the trustee, with actual or constructive possession, and this placed it in the custody of

the bankrupt court.   (Mueller v. Nugent, 184 U. S., 14.)
This court has already decided that a failure to file the
statutory affidavit of renewal of a chattel mortgage has
the same effect against the administrator of the estate of
the deceased mortgagor, as it would have against creditors.
(Bank v. Ludvigsen, 8 Wyo., 230.)   The principle would
be the same where the claimant is assignee or trustee in
bankruptcy of the mortgagor.   (Graham Button Co. v.
Spielman, 50 N. J. Eq., 120;  In re Leigh, 96 Fed., 806;  In
re Plow Co., 112 id., 308;  In re Antigo S. D. Co., 123 id.,
249;  In re Rodgers, 125 id., 169;  In re Reynolds, 127 id.,
760;  In re Legg, 96 id., 326;  In re Wilcox & Howe Co.,
39 Atl., 163;  Cash Reg. Co. v. Woodbury, 39 id., 168;
Plow Co. v. Spillman, 117 Fed., 746;  In re Rabenan, 118
id., 471;  Carriage Co. v. Wells, 74 S. W., 878;  Shoe Co.
v. Seldner, 122 Fed., 593;  Logan v. Plow Co., 92 N. W.,
129;  93 id., 1128 (Neb.);  Spencer v. Silk Co., 112 Fed.,
642.)   In cases of this class reference is usually had to the
provisions of the federal bankruptcy statutes, chief of
which are the following:  "Claims which for want of re-
cording or for other reasons would not have been valid liens
as against the claims of creditors of the bankrupt shall not
be liens against his estate."   In providing the property
which passes to the trustee:  "Property which prior to the
filing of the petition he (the bankrupt) could by any means
have transferred, or which might have been levied upon
and sold under judicial process against him."   (Secs. 67a,
70a.)   Without such statute the title of the bankrupt's
representative relates back to the `act of bankruptcy and
hence the statute does not materially alter the effect which
the act or adjudication of bankruptcy would have had in
the absence of such statutes.   (Cooper v. Chitty, 2 Smith's
Lead. Cas., 700;  1 Kenyon, 395;  1 W. B. L., 65.)   The
agreed facts determine the case upon its merits, and are
equivalent to findings of fact by the court.   They establish
a clear right in the plaintiffs in error to a final judgment
in their favor if their theory of the law is correct and such

judgment should be directed by this court. (Brown v. Mott, 22 O. St., 149; Seibel v. Bath, 5 Wyo., 421.)

*H. V. S. Groesbeck,* for defendant in error.

Crumrine and Homer were simply the assignees of Miller. They were not trustees in bankruptcy; had no connection with the federal court, and in no sense could they have held the property for the use and benefit of the trustee in bankruptcy. The trustee was not a party to the suit. He is a stranger to the record. His very existence as an officer of the bankruptcy court at this date can be questioned. If the judgment be reversed and a judgment rendered in favor of plaintiffs in error, could it be expected that the latter would hand the property or its equivalent in money to any trustee in bankruptcy who never demanded the property nor brought suit for it?

At common law the assignee had no better standing than the assignor. (Bank v. Ludvigsen, 8 Wyo., 230.) The common law has been adopted as a part of the law of this state. (R. S., Sec. 2695.) The title of the conditional vendor is good as against everyone except as against a purchaser or judgment creditor, though the contract be not filed. (Warner v. Roth, 2 Wyo., 63; Bunce v. McMahon, 6 id., 24.) A purchaser within the meaning of the statute is one who pays a fair value for the article. (Anderson's Law Dict., p. 846; 23 Ency. Law, 461-463.) A judgment creditor is one whose claim has been merged in a judgment. (Anderson's Law Dict., p. 292.) Where a conditional sale is not filed and recorded, such omission is only available to such creditors and persons mentioned in the statute, as have perfected a lien upon the property by execution or levy. (Wilson v. Lewis (Neb.), 88 N. W., 690; Locomotive Works v. Lumber Co., 91 Ga., 639.) An assignee for the benefit of creditors can acquire no title to property which has not become vested in the assignor by the performance of required conditions. (6 Ency. Law, 494; Romberg v. Hughes, 18 Neb., 581; Peterson v. Tufts,

34 id., 8; Warner v. Jameson, 52 Ia., 70; Peet v. Spencer, 90 Mo., 384; Tufts v. Thompson, 22 Mo. App., 564; Adams v. Lee, 64 N. H., 421.) A conditional bill of sale unrecorded, a trustee in bankruptcy takes no better title than the bankrupt. (*In re* Kellogg, 112 Fed., 52; *In re* Hinsdale, 111 id., 502.) Even a mortgagee is not a purchaser. (McCormick Harv. Co. v. Callen (Neb.), 67 N. W., 863; Campbell P. P. & M. Co. v. Dyer (Neb.), 65 id., 904.) The case of Bank v. Ludvigsen, 8 Wyo., 230, is not in point. In that case a chattel mortgage was considered. The acts concerning chattel mortgages and conditional sales are vastly different in their terms and limitations. As to conditional sales, the limitation is not as to creditors in general, but to a specific class; judgment creditors—those who have protected their claims by procuring judgment and taking possession under a levy.

Potter, Justice.

This is a suit in replevin. The chattels in controversy, consisting of a typewriter and table, had been delivered by the then owner, the plaintiff below and defendant in error here, into the possession of one A. E. Miller under a written contract of sale providing for monthly payments, and that until final payment of the purchase price the title should remain in the vendor, and that, if required, the property should be restored to the vendor's possession in the event of default as to any payment. It was also stipulated in the contract that the vendee should not part with possession without the written consent of the vendor, under penalty of forfeiture of the property and the money paid thereon. Miller, the vendee named in the contract of sale, was a member of the firm of A. E. Miller & Co., his wife being the other member of the firm. While he was in possession of the property under the contract aforesaid, and the greater part of the purchase price remained unpaid, the firm above named and the individual members thereof entered into a trust agreement for the benefit of their creditors with the

plaintiffs in error, Crumrine and Homer, as trustees, and thereupon surrendered to said trustees the possession of certain property, including the chattels here involved. Nothing further, however, was done toward carrying out the provisions of the trust agreement; but it appears that after its execution the trustees were informed that Miller & Company intended to file a voluntary petition in bankruptcy, and they then agreed to hold the property that had come into their possession as aforesaid until it could be delivered to the proper representative of the bankrupt estate; and it was subsequently turned over to the trustee in bankruptcy, except the chattels in controversy, which had been taken on the replevin writ in the present suit.

On February 19, 1902, less than a month after the execution of the trust agreement aforesaid, the firm of Miller & Company, and its individual members, were adjudicated bankrupts upon their voluntary petition. On the same day this suit was instituted before a justice of the peace, and possession of the typewriter and table was delivered to the plaintiff below under the replevin writ, and he was adjudged both by the justice of the peace and by the District Court, on appeal, to be entitled to possession, and was awarded judgment accordingly and for costs. It is contended here on error that the judgment of the District Court is not sustained by sufficient evidence and that it is contrary to law.

It was stipulated on the trial that default had occurred in the conditional contract of sale by reason of the non-payment of the monthly installment due February 7, 1902, and for the further reason that the vendee had without consent parted with possession. The right of the plaintiff below as against Miller, the original vendee, is not disputed, but as the contract was not filed for record it is contended that its conditions as to reservation of title ceased to be valid as against the creditors of Miller on the date of the adjudication in bankruptcy; and that the absolute title with right of possession vested as of that date in the trustee in bankruptcy, for whom it is maintained the plaintiffs in error were holding possession when the present suit was commenced.

Plaintiffs in error rest their contention upon the rule that a party suing in replevin must recover, if at all, upon the strength of his own title, and not upon the weakness of the title of his adversary, and upon the apparently well settled principles under the bankruptcy act that the title to the property of a bankrupt vests in the trustee when appointed as of the date of the adjudication of bankruptcy; and that the filing of a petition in bankruptcy operates as a *caveat* to all the world, and has the effect of an attachment and injunction.    (Mueller v. Nugent, 184 U. S., 1; 7 Am. B. Rep., 224.)

The statute concerning conditional sales of personal property is as follows:   "That no sale, contract or lease wherein the transfer or title of ownership of personal property is made to depend upon any condition, shall be valid against any purchaser or judgment creditor of the vendee or lessee in possession without notice, unless the same be in writing, signed by the vendee or lessee, and the original or a copy thereof filed in the office of the County Clerk of the county wherein the property is; said instrument so filed shall have attached thereto an affidavit of such vendor or lessor, or his agent or attorney, which shall set forth the names of the vendor and vendee, or lessor and lessee, with a description of the property transferred and the full and true interest of the vendor or lessor therein.   All such sales or transfers shall cease to be valid against purchasers in good faith, or judgment or attaching creditors without notice at the expiration of one year from the date of such sale, unless the vendor or lessor shall within thirty days prior to the one year from date of such sale or transfer, file a similar affidavit to the one above provided for in the office of said clerk, and the said vendor or lessor may preserve the validity of his said sale or transfer of such personal property by an annual refiling in the manner as aforesaid of such copy."   (R. S., Sec. 2837.)

It is clear that, as representative merely of the bankrupt vendee, and standing solely on his rights, the trustee would

not be in any better position to contest the title of the conditional vendor. But the inquiry presented is whether, on account of the failure to record the contract, the trustee, as representative of the creditors of the bankrupt estate, became vested with the title.

Though in some particulars immaterial to this controversy the language of the Nebraska statute is not entirely like our own, it is evident that our statute is borrowed from that state, where it had previously been construed. The statute was enacted in this state in 1895, and in 1892 the Supreme Court of Nebraska held that attaching as well as judgment creditors were within the protection of the statute. (Peterson v. Tufts, 34 Neb., 8.) It was also held in that case that where the attaching creditors or their attorneys have notice of the conditional contract it is as effectual as the filing of the contract to render the sale and transfer valid. Under the usual rule in such cases the statute is presumed to have been adopted in view of the construction theretofore placed upon it by the courts of the state from which it was taken. Moreover, we find no difficulty in accepting that construction, because it appears to us to be correct. As to the class or kind of creditors intended, the designation in the fore part of the section is "judgment creditors," and in the latter part providing for refiling to preserve the validity of the condition after one year; the persons protected where that is not done are designated as purchasers in good faith and "judgment or attaching creditors." It is hardly probable that the Legislature intended the contract to be valid originally as to attaching creditors, and then cease to be valid against them after one year if not filed, while absence of record and notice would render it invalid from the making of the contract as to judgment creditors. It requires a levy, or some proceeding with like effect, in the case of a judgment as well as an attaching creditor to secure a lien upon personal property. And we think the only reasonable interpretation of the statute in this respect is that the failure to record such a contract as that mentioned will be to render it invalid

against attaching as well as judgment creditors without notice.

Regarding the qualification as to notice, it is impossible to construe it otherwise than as referring to creditors and purchasers alike. (Peterson v. Tufts, *supra;* McPhail v. Gerry, 55 Vt., 174; Singer Mfg. Co. v. Nash, 70 Vt., 434.) The section reads: "No sale * * * shall be valid against any purchaser or judgment creditor of the vendee or lessee in possession, without notice, unless," &c. And later, as to refiling: "All such sales or transfers shall cease to be valid against purchasers in good faith, or judgment or attaching creditors without notice at the expiration of one year," &c. The statute of Vermont read "against attaching creditors or subsequent purchasers without notice." It was contended that "without notice" qualified "purchasers" only. The court say: "We think the construction contended for by the defendant should not be given the printed act. It is not the natural one; and there is no reason why a person attaching property which he knows is not that of his debtor should stand in a more favored situation in respect to it than one who buys it with like knowledge." (McPhail v. Gerry, *supra.*) And in the later case above cited from Vermont the court say: "The rights of a conditional vendor are superior to those of an attaching creditor with knowledge of the lien, notwithstanding the lien is not recorded."

The trustee in bankruptcy was not made a party to this suit, nor does it appear that any attempt was made by others to have him substituted as party defendant, or by himself to intervene. The plaintiffs in error, however, insist that the evidence disclosed that the trustee had the title at the commencement of the action, and that the defendant in error had lost his title as against the parties represented by the trustee, and therefore was not entitled to possession. Assuming the correctness of the proposition without deciding it that the plaintiffs in error would have been entitled to judgment in their favor upon establishing title in the trustee, we are led to inquire whether upon the evidence the trustee

was shown to have had the title. Giving to the principle that a petition in bankruptcy operates as a *caveat* to all the world, and has the effect of an attachment and injunction its full effect; and conceding that the bankruptcy proceedings operated as a lien upon the property to the same extent as though a writ of attachment had been levied upon it, the trustee would stand as representative of the creditors in their place as attaching creditors, possessing all their rights. But to entitle them to the protection of the statute against an unrecorded conditional sale, they must be without notice. Now, the trustee was examined as a witness and testified that at the date of the adjudication in bankruptcy the firm of A. E. Miller & Company, and the individual members thereof, were insolvent. He gave no details either as to the names or number of their creditors, or the amount of indebtedness, nor was he or any other witness interrogated upon the subject of notice. No evidence whatever was offered to show that any creditor of Miller or the firm was without knowledge or notice of the conditions of the contract between Miller and the defendant in error. In the contest for the possession of the property in controversy, it appearing that as against Miller, the conditional vendee, and all purchasers as well as creditors with notice, the plaintiff below was the owner, the burden clearly rested upon the defendants in the suit asserting title in other parties by reason of the failure to record the contract of sale, to show that such other parties were in a situation to claim the protection of the statute. It would hardly be contended that it was incumbent on the plaintiff below, in order to recover, to prove that there were no attaching or judgment creditors or purchasers. Nor do we think that it can be held that he was bound to establish affirmatively as a part of his case, upon disclosure of the fact that there were creditors, that they had notice of his lien or title. In a replevin suit between a conditional vendor under an unrecorded instrument and the sheriff who had attached the property, it was held in Vermont that the burden was upon

the sheriff to show that the creditor he represented was without notice. The court said: "In the court below the defendant sought to justify his detention of the property by showing that the rights of the attaching creditor for whom he held the property were superior to those of the plaintiff. It does not appear that he sought to justify his acts upon any other ground; and in this court he defends solely upon the ground that the lien was inoperative as against the attaching creditor whom he represents, because it was not recorded. Upon the issue thus made in the court below, the burden was on the defendant to show that the creditor for whom he made the attachment was such a creditor as the statute declares that an unrecorded lien shall not be valid against. It was for him to show that he held the property for an attaching creditor *without notice.* The plaintiff was under no duty to show that the attaching creditor had notice of his lien. When a party seeks to appropriate the property of a conditional vendor to the payment of the debt of the conditional vendee, he must show that he is within the terms of the statute giving such right. He must show that he did not have notice of the vendor's lien. The language of the statute imports this, and the fact that he had, or had not, such notice at the time of the attachment, is peculiarly within his knowledge." (Singer Mfg. Co. v. Nash, 70 Vt., 434.) In that case a judgment for the defendant was reversed for the reason that it did not appear that the attaching creditor did not know of the lien, at the time of the attachment.

For all that the evidence in the case at bar discloses, the creditors of the bankrupt estate may all have known of the lien or title of the defendant in error at the time their rights attached. It cannot be held, therefore, upon the evidence, that the defendant in error was without title. For the reasons aforesaid, the cause was correctly decided in the court below, and the judgment will be affirmed.

*Affirmed.*

CORN, C. J., and KNIGHT, J., concur.