AMERICAN LAW BOOK COMPANY, APPELLANT, V. FERRIN VAN & STORAGE COMPANY: JOSEPH C. COOK, INTERVENER, APPELLEE.

FILED JANUARY 15, 1936. No. 29463.

*Byron W. Hunter,* for appellant.

*R. E. McCormack, Cook & Cook* and *J. F. Morehouse, contra.*

Heard before GOSS, C. J., ROSE and CARTER, JJ., and REDICK and KROGER, District Judges.

KROGER, District Judge.

In 1929 the American Law Book Company, appellant, sold to one Goldman a set of Corpus Juris under a conditional sales contract, which contract was never recorded in Douglas county, Nebraska, the county where Goldman lived. Volumes 50 to 58, inclusive, were not paid for. On May 11, 1934, appellant sued out a writ of replevin in the municipal court of Omaha to recover possession of the books in question. In this action Joseph C. Cook intervened and in his petition of intervention alleged that he was the owner and in possession of the books in controversy, having obtained the same by foreclosure of a chattel mortgage given him by Goldman. Trial was had in the municipal court, which resulted in a judgment in favor of intervener. An appeal was taken to the district court for Douglas county, which also resulted in a judgment in favor of intervener. From this latter judgment appellant, plaintiff in the court below, prosecutes this appeal.

There is no dispute as to the facts, which were all stipulated. According to the stipulation, the mortgage from

Goldman to intervener was recorded in Douglas county on October 17, 1932, and on January 29, 1934, in a replevin action, intervener obtained judgment in the municipal court of Omaha for possession of said books. After obtaining said judgment, the books were duly advertised for sale by intervener under and by virtue of his chattel mortgage, and on March 20, 1934, a sale was had, at which sale intervener became the purchaser.

It is the contention of appellant that a mortgagee of a conditional vendee is not a purchaser within section 36-208, Comp. St. 1929, and cannot by his mortgage acquire any rights superior to those of the conditional vendee, though the contract of conditional sale is not filed as required by that section.

Intervener admits that, as mortgagee of the conditional vendee he was not a purchaser within section 36-208, supra, but contends that, when he purchased the books at foreclosure sale, he became a purchaser or a judgment creditor within the terms and meaning of that statute.

By a long line of decisions, beginning with *Aultman, Miller & Co. v. Mallory*, 5 Neb. 178, it is established that the rule of *caveat emptor*, except as modified by statute, applies to sales of personal property in this state, and one purchasing personal property from another in actual possession thereof, in good faith and for a valuable consideration, purchases at his peril and takes only such title as his vendor has.

Section 36-208, Comp. St. 1929, makes an exception in that it provides that no sale, contract, or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any purchaser or judgment creditor of the vendee or lessee in actual possession, etc., unless a copy of such contract be filed in the office of the clerk of the county within which such vendee or lessee resides.

This court has held that a mortgagee of a conditional vendee is not a purchaser within the meaning of the above exception. *Campbell Printing Press & Mfg. Co. v. Dyer*, 46

Neb. 830, 65 N. W. 904; *Racine-Sattley Co. v. Meinen,* 79 Neb. 33, 114 N. W. 602.

It has been held that, at a foreclosure sale, the thing offered and sold, unless the decree otherwise provided, was every right, title and interest of all the parties to the action. *Hart v. Beardsley,* 67 Neb. 145, 93 N. W. 423.

If Goldman had made an outright sale of the property in controversy to the intervener, such sale would have been valid as against appellant's claim. It has been held, and we believe the better reasoning supports the position, that statutes making conditional sales void as against *bona fide* purchasers from the vendee, unless the contract is recorded, are not restricted to purchasers at voluntary sales made by the vendee, but include judicial or execution sales against him. 55 C. J. 1250; 35 C. J. 84; *Pugh v. Highley,* 152 Ind. 252, 53 N. E. 171.

Had appellant instituted this action prior to the foreclosure sale, its claim, would have been superior to the interest of intervener; but, after the foreclosure sale, intervener was a purchaser of the vendee within the terms and meaning of section 36-208, *supra.*

The judgment of the district court was right and is

AFFIRMED.