### In re DOUGLAS LUMBER CO.

(District Court, D. Wyoming. May, 1924.)

No. 718.

1. **Bankruptcy ⊂⊃184(2)—In case of conditional sale contract, trustee has status of judgment creditor.**

Under Comp. St. Wyo. 1920, § 4713, providing that no conditional sale shall be valid as against any purchaser or judgment creditor of the vendee without notice, unless the contract is recorded as therein provided, the trustee in bankruptcy of the vendee, by virtue of Bankruptcy Act, § 47a(2), as amended June 25, 1910 (Comp. St. § 9631), has the status of a judgment creditor.

2. **Bankruptcy ⊂⊃184(2)—Notice to all creditors is notice to trustee.**

Actual notice to all creditors of a bankrupt of a conditional sale contract is notice to the trustee, who represents them.

3. **Bankruptcy ⊂⊃303(1) — Burden rests on trustee to prove want of actual notice by creditors of conditional sale contract.**

Under a state statute making unrecorded conditional sale contracts void as against certain creditors of the vendee without notice, the burden rests on the trustee of the vendee to bring himself within the statute by showing that he represents creditors who were without notice.

4. **Sales ⊂⊃474(2)—Record of conditional sale contracts held not constructive notice under Wyoming statute.**

Under Comp. St. Wyo. 1920, § 4713, providing that a conditional sale shall be invalid as against certain creditors of the vendee without notice, unless a copy of the contract, with an affidavit of the vendor attached, shall be recorded, a contract without such affidavit attached is not entitled to record, and its record, though with another similar, but separate, contract between the same parties, is not constructive notice.

5. **Bankruptcy ⊂⊃184(2)—Listing of conditional sale contracts in schedules is not notice to affect rights of trustee.**

Under Bankruptcy Act, § 47a(2), as amended June 25, 1910 (Comp. St. § 9631), a trustee is vested with the rights of a judgment creditor as of the date of the filing of the petition, and the fact that conditional sale contracts are listed in the schedule in a voluntary petition does not constitute notice to the trustee which can affect his rights with respect to such contracts.

In Bankruptcy. In the Matter of the Douglas Lumber Company, bankrupt. On review of order of referee denying petition for reclamation of property under conditional sale contracts. Affirmed.

Kinkead, Ellery & Henderson, of Cheyenne, Wyo., for claimant.

Reid & More, of Torrington, Wyo., for trustee.

KENNEDY, District Judge. This proceeding is before the court upon a petition for review of the referee's order denying a claim of the International Harvester Company for the return of property based upon conditional sale contracts between it and the bankrupt. The record discloses substantially the following facts:

On September 3, 1920, the International Harvester Company entered into a contract with the bankrupt for the delivery of certain farm machinery during the year 1921; on November 22, 1921, a similar contract for the sale and delivery of property during the year 1922; and on August 19, 1922, for the sale and delivery of similar property during the year 1923—all of which contracts provided that the title should remain in the vendor until the full purchase price had been paid. These contracts were not placed upon the records of the county clerk of the county in which the Douglas Lumber Company was doing business until the 2d of October, 1923, when all of the aforesaid contracts were filed in the office of the county clerk of Converse county, with an affidavit attached to the so-called 1921 contract, reciting that the title to the machinery enumerated in the three contracts was in the vendor until the purchase price enumerated therein had been paid in full. On November 27, 1923, the Douglas Lumber Company filed in this court its petition in bankruptcy, with schedules attached, in which schedules the conditional sales contracts are set out.

Some time thereafter, in the due course of the administration of the bankruptcy proceeding, the trustee was selected, all property, including that in controversy, taken into his possession, and a claim for the return of the machinery covered by the conditional sales contracts was filed with the referee by the International Harvester Company. The trustee filed objections to such claim, and a hearing was had before the referee upon the issue thus raised. The claim set forth the specific machinery in the hands of the trustee, which was claimed under the contracts, none of which claimed machinery, however, was included in the 1921 contract, but was either under the 1922 or 1923 contract. The parties entered into a stipulation to the effect that some of the creditors of

the bankrupt company had no actual notice of any claim of the International Harvester Company in and to the property, other than such constructive notice as may have been imparted by the filing of the contracts with the affidavit attached to one of them. The referee's ruling denied the claim of the International Harvester Company, and, as before stated, the matter is brought before this court upon a petition for review of the referee's order.

[1] It is the contention of the claimant, first, that the filing of the conditional sales contracts imparted such notice as will entitle the claimant to the recovery of its property; and, second, that independent of that notice, if the same should be held insufficient, the notice imparted by the listing of the conditional sales contracts in the schedules imparted such notice as will entitle the claimant to a recovery. The provision of the Wyoming statutes relating to conditional sale contracts and the placing of them of record is found in section 4713 of the Wyoming Compiled Statutes 1920, which reads as follows:

"No sale, contract or lease wherein the transfer or title of ownership of personal property is made to depend upon any condition, shall be valid against any purchaser or judgment creditor of the vendee or lessee in possession, without notice, unless the same be in writing, signed by the vendee or lessee, and the original or a copy thereof filed in the office of the county clerk of the county wherein the property is; said instrument so filed shall have attached thereto an affidavit of such vendor or lessor, or his agent or attorney, which shall set forth the names of the vendor and vendee, or lessor and lessee with a description of the property transferred and the full and true interest of the vendor or lessor therein. All such sales or transfers shall cease to be valid against purchasers in good faith, or judgment or attaching creditors without notice at the expiration of one year from the date of such sale, unless the vendor or lessor shall, within thirty days prior to the one year from the date of such sale or transfer, file a similar affidavit to the one above provided for in the office of said clerk, and the said vendor or lessor may preserve the validity of his said sale or transfer of such personal property by an annual refiling in the same manner as aforesaid of such copy."

The status of the trustee in a situation like the present appears to be fixed by section 47a of the Bankruptcy Act of 1898, as amended in 1910 (Comp. St. § 9631), which, so far as is applicable, reads as follows:

"Trustees shall respectively (1) account for and pay over to the estates under their control all interest received by them on property of such estates; (2) collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest; and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

An analysis of these two sections brings the trustee within the purview of section 4713 of the Wyoming statutes, as being in the position of a judgment creditor, although not actually such, leaving the matter of whether he be with or without notice for determination.

[2] The notice, so far as a trustee is concerned, undoubtedly means the notice to the creditors, as he stands as a representative of the creditors in a bankruptcy proceeding. This is illustrated in the case of In re Bazemore (D. C. Ala.) 26 Am. Bankr. Rep. 494, 189 F. 236, where the court says:

"If all the creditors of the bankrupt had actual notice of the conditional sale, the trustee would represent no class as to which the condition would be void, since actual notice removes the necessity of showing constructive notice."

[3] Upon whose shoulders rests the burden of proof as to actual notice has been determined by the Supreme Court of this state in a consideration of the Wyoming statute in the case of Crumrine v. Reynolds, 13 Wyo. 111, 78 P. 402, where the court says:

"When a party seeks to appropriate the property of a conditional vendor to the payment of the debt of the conditional vendee, he must show that he is within the terms of the statute giving such right. He must show that he did not have notice of the vendor's lien."

It is therefore apparent in this case that the burden was upon the trustee to establish the fact that the creditors were without notice, which burden has, however, been as-

sumed by the trustee, in that it appears by the stipulation of facts that some of the creditors of the bankrupt had no actual notice of the property right claimed by the claimant, and no notice whatever other than what may have been imparted in the nature of a constructive notice by the filing of the conditional sales contracts with the affidavit attached to the 1921 contract.

This leads to a consideration of what, if any, notice was given by such filing. The consideration of this question seems to be divided into two phases: First, whether or not the filing of the contracts with an affidavit attached to one only is sufficient to satisfy the Wyoming statute; and, second, whether or not, if so satisfied, such filing, not being within a year of the date of the contracts, is sufficient to bring it within the statute.

[4] It appears from the statement of facts that the affidavit was attached to the 1921 contract under which contract no claim for the recovery of property is sought, as the recovery is confined to property sold under the 1922 and 1923 conditional sale contracts. This court is of the opinion that the 1922 and 1923 contracts were not in the first instance entitled to record without an affidavit attached in accordance with the wording of the Wyoming statute. If a rule were adopted enlarging the scope of the provision of this statute, it would lead to interminable controversy and confusion. The contracts themselves are separate and distinct, and one has no connection with another, so far as being permitted to go upon the official records of a county is concerned, and could in no more sense be considered joint than could be contracts between different vendees and the vendor. Likewise, under the wording of the Wyoming statute, the lien expires at the expiration of one year from the date of the contract, even where the same is filed for record, unless the vendor files a renewal affidavit within 30 days before the expiration of the year. In this case the contracts are not purported to have been filed until after the expiration of about 2 years after date in the case of the 1922 contract and 14 months after date in the case of the 1923 contract.

The courts have frequently spoken in regard to the inadequacy of defectively authenticated or filed instruments to give constructive notice. The rule laid down in 1 C. J. at page 757, is in the following language:

"Where the statute prescribes acknowledgment as a prerequisite to registration, the recording of an unacknowledged instrument will not confer the benefits enjoyed by a properly recorded instrument and will not operate as constructive notice to any one."

Judge Sanborn in expressing the opinion of the Circuit Court of Appeals of our own circuit, in the case of Prentice v. Duluth Storage Co., 58 F. 437, 7 C. C. A. 293, says:

"As the deed was not entitled to record, the record of it was not constructive notice of its contents, or of any claim of the appellant under it."

From this analysis it seems quite clear to this court that the filed instruments were insufficient in themselves to give constructive notice which would be binding upon the trustee.

[5] Counsel for claimant, however, earnestly urge that notice was imparted to the trustee by the listing of the conditional sale contracts in the schedules, and that therefore he is charged with such notice as would justify the allowance of the claim for the return of the property. This contention is based upon the case of American Laundry Machinery Co. v. Everybody's Laundry, 43 Am. Bankr. Rep. 294, 185 Iowa, 760, 171 N. W. 161. An examination of this authority, however, seems to show it based upon a misconceived theory of the law, that the trustee became clothed with the right of a judgment creditor at the date of his appointment, while as a matter of fact this question has been placed at rest by a construction of section 47a, as amended, of the Bankruptcy Act in the case of Bailey, Trustee, v. Baker Ice Machine Co., 35 Am. Bankr. Rep. 814, 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275, where the court states the rule to be "that the trustee takes the status of such a creditor as of the time when the petition in bankruptcy is filed."

We are therefore presented with the situation that at the identical moment, viz. at the time the petition in bankruptcy is filed, the trustee assumes the position of a judgment creditor, and at the same time receives notice of a conditional sale. To hold that such a notice is sufficient to bind the trustee with respect to unrecorded conditional sale contracts would be to announce a precarious doctrine. The term "notice" carries with it the significance of advice upon which some right may be predicated, but, when such a notice only reaches the trustee at the same moment that his right without notice attaches, it seems to this court that such a

notice can only be fairly construed as being equivalent to no notice at all.

For the reason stated, the ruling and order of the referee will be sustained, and the claim of the International Harvester Company denied, reserving to the claimant its proper exceptions in the premises.