## In re HOLLEY.

District Court, N. D. Iowa, E. D. April 27, 1928.

No. 1905.

1. **Acknowledgment** ☞53—**Notary's certificate of acknowledgment to conditional sale contract, not mentioning in body name, title, or county of subscribing notary, held insufficient as basis for record (Code Iowa 1924, § 10094).**

Where scilicet preceding body of notary's certificate of acknowledgment attached to conditional sale contract executed in Pennsylvania recited "State of Pennsylvania, County of Lycoming—ss.," but certificate in body neither mentioned name nor title of office of subscribing notary, nor in body or subscript showed county for which appointed, *held*, that certificate was insufficient as a basis for recording of contract in Iowa, under Code Iowa 1897, § 2948 (Code Iowa 1924, § 10094), where conditional buyer resided, and where contract was recorded.

2. **Evidence** ☞35—**Federal District Court in Iowa takes judicial notice of statutes of Pennsylvania.**

Federal District Court in Iowa will take judicial notice of statutes of Pennsylvania.

3. **Bankruptcy** ☞184(2¾)—**Unrecorded conditional sale contract, disclosed by schedules filed with voluntary petition, held not good as against trustee (Bankruptcy Act, §§ 7 (8), 70e; § 47a, as amended by Act June 25, 1910, § 8; 11 USCA §§ 25(8), 75(a), 110(e).**

Under Bankruptcy Act, § 47a, as amended in 1910, and sections 7(8), 70e (11 USCA §§ 25(8), 75(a), 110(e), filing of schedules at time of filing voluntary bankruptcy petition did not so charge trustee with notice of unrecorded conditional sale contract disclosed schedules as to be the equivalent of a proper acknowledgment and filing for record of the instrument, even in absence of showing that there were creditors who might avoid lien under the contract.

In Bankruptcy. In the matter of Harry O. Holley, bankrupt. On petition of Sprout, Waldron & Co., to review an order of the referee denying petition for surrender or sale of certain property alleged to have been sold by petitioner to bankrupt under conditional sale contract. Affirmed.

Brown, Lacy & Clewell, of Dubuque, Iowa, for petitioner.

Frantzen, Bonson & Gilloon, of Dubuque, Iowa, for respondent.

SCOTT, District Judge. The above-entitled matter came before the court on the 24th day of April, 1928, on the petition of Sprout, Waldron & Co., a corporation, to review an order made and entered by John G. Chalmers, one of the referees in bankruptcy of this court, on the 7th day of April, 1928, denying a petition of the petitioners for the surrender or sale separately and application of proceeds to petitioners' claim of certain personal property alleged to have been sold by petitioners to the bankrupt under contract of conditional sale. The petitioners appeared by their counsel, Frank R. Lacy, Esq., of Dubuque, Iowa, and the trustee in bankruptcy appeared by his counsel, Frank D. Gilloon, Esq., of Dubuque, Iowa. And thereupon the matter was fully argued and taken under advisement.

Now, on this 27th day of April, 1928, said matter is taken up for final disposition. It appears from the certified record that peti-

tioners, about May 14, 1927, sold the bankrupt a certain "Monarch ball-bearing attrition mill," with other attachments and accessories, under a conditional sale contract signed by the purchaser, and some days later acknowledged before a notary in the county of Lycoming, Pennsylvania, and on June 4, 1927, was filed for record in the office of the county recorder for Winneshiek county, Iowa. Thereafter the bankrupt having been duly adjudicated, and the property coming into the possession of the bankruptcy court, and thereafter the trustee having been elected, petition for authority to sell the personal property of the bankrupt, including the property in question, and a creditors' meeting was called in that connection, at which meeting Sprout, Waldron & Co. appeared by counsel and petitioned the referee as aforesaid. And thereupon the matter was heard before the referee and, upon the question being raised by the trustee, the referee held that the certificate of acknowledgment attached to the conditional sale contract as a basis for its record, did not comply with the statutes of Iowa in that respect and was fatally defective, and that the record of said instrument was void, and denied the petition. Thereupon, within 10 days, Sprout, Waldron & Co. filed their petition for review, and the record was certified. On the tenth day after the entry of the order, and after the certification of the record, Sprout, Waldron & Co. appeared before the referee and filed an amendment to their petition for review, which was immediately duly certified, supplementing the previous certificate. In the original petition for review is raised the question of the sufficiency of the certificate of acknowledgment attached to the contract of conditional sale. In the supplementary certificate is raised the question that the trustee took possession with notice of the conditional sale contract, because bankrupt at the time of filing his petition also filed his schedules, in which the debt due Sprout, Waldron & Co. was scheduled as a secured claim, and the conditional sale contract securing it described.

[1, 2] In my opinion the referee was correct in holding that the certificate of acknowledgment was insufficient under the Iowa statute. It purports to have been made by a notary public in Lycoming county, Pennsylvania; that is to say, preceding the body of the certificate there is a scilicet as follows: "State of Pennsylvania, County of Lycoming—ss." The certificate in the body neither mentions the name nor title of the office of the subscribing notary, and the subscript is: "C. C. Pfleegor, Notary Public, Muncy, Pa." It will

be observed that the certificate, neither in the body nor in the subscript, shows the county for which the notary was appointed. The statutes of Pennsylvania, of which this court takes judicial notice, similar to the statutes of Iowa, provide for the appointment of notaries public for counties, and confines their authority to act officially to such counties. It has been repeatedly held by the Supreme Court of Iowa that the county for which the notary is appointed is a part of his official title, and that the certificate must show "the title of the court or person before whom the acknowledgment was made." Section 2948, Code of 1897, and section 10094, Code of 1924. And see authorities cited in Re Edward Oscar Meakins, 25 F.(2d) 305, being Bankruptcy No. 1767, Cedar Rapids Division, filed April 12, 1928.

[3] The question now occurs: Did the filing of the schedules at the time of the filing of the voluntary petition so charge the trustee with notice as to be equivalent of the proper acknowledgment and filing for record of the instrument? Counsel for petitioner particularly rely on In re Golden Cruller & Doughnut Co., 6 F.(2d) 1015, District Court, District of New Jersey. This decision seems to present squarely the question, but upon careful consideration I am not disposed to follow it. Section 7 of the Bankruptcy Act, defining the duties of "Bankrupts," provides: "(8) Prepare, make oath to, and file in court within ten days after adjudication, if an involuntary bankrupt, and within ten days after the filing of the petition, if a voluntary bankrupt," etc. 11 USCA § 25(8). This section I think contemplates the filing of the schedules by one who has already filed his petition. The provision is, "within ten days after the filing of a petition." Section 47a, as amended by the act of 1910 (11 USCA § 75(a), provides: "And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon."

The property came into the custody of the bankruptcy court on the filing of the petition. The filing of the petition is a caveat to all the world, and in effect an attachment and injunction, Mueller v. Nugent, 184 U. S. 1, 14, 22 S. Ct. 269, 46 L. Ed. 405; and places the estate in custodia legis, Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208. I cannot accept the conclusion that it was the intention of Congress that a voluntary bankrupt, by merely truthfully scheduling a se-

cured claim of this kind and filing the schedules with the petition, could dislodge the otherwise prior character of the trustee's title. This would put entirely within the power of the voluntary bankrupt the matter of the validity or invalidity of the lien under the contract of conditional sale. By filing the schedules with the petition he could make the contract good. By withholding them and filing the same the next day he could defeat it. Again, section 70e (11 USCA § 110(e) provides that "the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided," etc. It does not as yet appear in this proceeding that there are creditors who might avoid the lien under the contract in question, but there may be such, and I think the trustee, notwithstanding the filing of the schedules, is still held in position to take advantage of the provision of section 70 quoted.

From the foregoing it follows that the order of the referee must be and is hereby affirmed.