COMMERCIAL CREDIT CORPORATION, A CORPORATION, APPELLANT, v. MINNIE SMITH, CLARK SMITH, JOHN A. McCRANE MOTORS, INCORPORATED, A CORPORATION, AND WILLIAM N. NUSSMAN, RESPONDENTS.

Submitted June 1, 1929—Decided February 3, 1930.

For the appellant, *Green & Green* (*David Green,* of counsel).

For the respondents, *Peter Cohn.*

The opinion of the court was delivered by

TRENCHARD, J. This is the appeal of the plaintiff below in an action in replevin brought in the Passaic Circuit Court.

The situation was as follows: In August, 1928, Minnie Smith and Clark Smith purchased from the Erie Motor Car Company a Willys-Knight coupe and made a partial payment thereon. They executed a conditional sales contract to the vendor, by the terms of which the title was reserved to it until the balance of the purchase-money should be paid, payments being required to be made in monthly installments. This conditional sales contract was never recorded, as required by the statute. After it had been executed the contract was sold and assigned by the Erie Motor Car Company to the present plaintiff. The purchasers of the car paid the prior installments, but defaulted in the payment which fell due on March 14th, 1929. Under the terms of the contract, upon a default in payment the entire unpaid balance became immediately due and payable, and the seller became entitled to immediate possession of the car. In the meantime, and in February, 1929, the defendant John A. McCrane Motors, Incorporated, recovered a judgment in the Paterson District Court against the defendants Minnie Smith and Clark Smith, the purchasers of the car. An execution was issued on the judgment and delivered to a constable. He levied on the Willys-Knight coupe, which was then in the possession of the Smiths, and advertised it for sale. However, a few minutes before the hour fixed for the sale the sheriff of the county appeared with a writ of replevin, and took possession of the car. This writ was the one sued out in the present case, and, having been returned, the plaintiff filed its complaint, averring that it was entitled to possession of the property as against the purchasers and against the defendant John A. McCrane Motors, Incorporated. A motion was made to strike out the complaint by counsel for the McCrane Motors Company, and the hearing upon affidavits submitted resulted in the granting of the motion, with costs. The plaintiff appeals from this action of the Passaic Circuit Court.

We are of the opinion that the action of the court below was right.

The affidavits upon which it rests show conclusively that the conditional sales contract was void as to the defendant John A. McCrane Motors, Incorporated.

Section 5 of our Conditional Sales act (*Pamph. L.* 1919, *p.* 462) declares that:

"Every provision in a conditional sale reserving property in the seller, shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale."

Neither the contract here in question, nor a copy thereof was filed as required by the statute. Counsel for the plaintiff seeks to avoid that difficulty by saying that the defendant motors company, the judgment creditor, had knowledge of the existence of the contract, because its attorney and the constable were informed of its existence at the time the levy was made. But that is not enough. We do not stop to consider whether or not notice to the attorney or to the constable was notice to the judgment creditor. But we point out that there was no showing or attempt to show that the judgment creditor, or its attorney, or the constable, had knowledge of the *provision* in the conditional sales contract reserving property in the plaintiff and the right to elect that the whole purchase price shall be due on default in payment of any installment. Upon this topic we have nothing but the affidavits of Mr. and Mrs. Smith, stating that they advised the attorney and constable that "the motor vehicle was covered by an unsatisfied conditional sales contract held by plaintiff."

It is to be borne in mind that the statute makes every provision in a conditional sale reserving property in the seller void as to any judgment creditor of the buyer, who, without notice of *such provision*, acquires a lien upon the

goods by virtue of a levy, unless such contract or a copy thereof is filed as required by the statute. And the rule is that in the absence of such filing, in order to defeat the rights of such a judgment creditor under such a levy, he must be shown to have had knowledge or notice, not only of the existence of the contract, but of the provision thereof reserving property, in the seller, at the time the writ was executed. The mere fact of knowledge (if it be the fact) of the existence of a conditional sales contract, without more, does not import knowledge of the specific provisions contained in the contract. Of course it is otherwise if the contract be filed, for then every creditor has constructive notice not only of the contract filed, but also of its provisions.

It was so held in effect by Mr. Justice Bergen, speaking for the Supreme Court, in *Brown* v. *Christian,* 97 *N. J. L.* 56. There it was said:

"And so when this attachment was levied it was void as to the attaching creditor unless he had notice, *not that there was a conditional bill of sale, but of its provisions,* and the mere fact that on the day the writ was issued the seller retook the goods was no notice that the sale was conditional, or of *its provisions* relating to retaking goods. If it were otherwise, then the very object of the act would be defeated, because very often credit is extended because the debtor has in his possession ample personal property to satisfy the credit if given, and to allow a party to withhold a bill of sale from record until the very day judgment is entered, or an attachment levied, and then seize or retake the goods, would destroy the very purpose of the act."

So far as the matter now under consideration is concerned that rule was followed by this court in *Morey & Company* v. *Schaad,* 98 *N. J. L.* 799, where Mr. Justice Minturn said:

"In construing a statute of this remedial character we are guided by the obvious fundamental rule furnished by the purpose of the legislature, which was to give notice to a *bona fide* purchaser or creditor of the exact legal status and property rights of the parties to the contract, so as to enable such intending purchaser or creditor to guide himself ac-

cordingly. Pursuant to the express language of the statute, this purpose may be accomplished either by the imparting of *actual notice* to such parties, or by the filing of the contract itself within the ten days prescribed by the act. Such we conceive was the interpretation given to the act in the opinion referred to (*Brown* v. *Christian,* 97 *N. J. L.* 56), where Mr. Justice Bergen remarks: 'It [the sale] is absolutely void as to any attaching creditor, unless he has notice of the bill of sale, *and of its provisions prior to the execution of the writ.' "*

Again in *Thayer Mer. Co.* v. *First National Bank of Milltown,* 98 *N. J. L.* 29; *affirmed,* 98 *Id.* 907, this court approved the statement of the rule by the Chief Justice. His language was:

"And the creditors described in section 5 are those who, *without notice of the provisions in the contract reserving property in the seller* until the whole purchase price is paid, 'acquire by attachment or levy a lien upon the goods.' *The language of these provisions is free from ambiguity, and our examination of the other sections of the statute satisfies us that they do not in any way restrain or limit the natural force to be given to it. In the present case there is nothing* in the agreed state of facts tending *to show that, at the time the attachment was executed, the creditor bank had any knowledge or notice that the automobile had been purchased by the defendant* in the attachment proceedings *from the plaintiff under a conditional sale agreement which reserved the title to the automobile in the vendor until the purchase price had been fully paid. This being the case, such reservation of title could only be made effective as against the attaching creditor by complying with the statutory requirement and filing the conditional sale contract,* or a copy thereof, in the office of the county clerk of Middlesex county within ten days after December 28th, 1920; and this, as we have before stated, was not done."

It will thus be seen that in this state the rule is firmly established that, in the absence of compliance with the provision of section 5 of the statute as to filing the contract, in

order to defeat the rights of a judgment creditor of the buyer acquired by his levy, he must be shown to have had knowledge or notice, not only of the existence of the contract, but of the provision thereof reserving property in the seller and the right to elect that the whole purchase price shall be due on default in payment of any installment, at the time the writ was executed.

If it be suggested that a different construction has been placed upon other statutes, the answer is that we are here concerned with the language employed by the legislature in the Conditional Sales act, and not with that of other statutes.

The judgment below will be affirmed, with costs.

PARKER, J., (dissenting). It seems to be conceded in the majority opinion that there was proper evidence to show notice to the respondents of the existence of an outstanding contract of conditional sale and of the holder thereof: in the language of the affidavit, that "the motor vehicle * * * was covered by a conditional sales contract held by Commercial Credit Company, which conditional sales contract was unsatisfied." It is undenied that the parties concerned could have learned everything about this contract by mere inquiry of the holder; but the proposition is that because they had notice merely of its existence and not of its "provisions reserving property in the seller," they were not required to do anything by way of obtaining fuller knowledge. Whether a copy of the "provisions" must be served on them, or whether a statement of their purport would answer as notice, and if so, how specific that statement should be, are questions not considered in the opinion. Neither is it mentioned that the very act whose section 5 is quoted, defines conditional sales contracts (*Pamph. L.* 1919, *p.* 461, § 1), as in two classes, and in each class by the very terms of the definition there is a "reservation of property in the seller" which is the test of section 5. In other words, the very fact of a conditional sales contract necessarily connotes a provision reserving property in the seller; and hence, notice of a conditional sales contract is *per se* notice of such a provision.

In *Morey* v. *Schaad,* 98 *N. J. L.* (at *p.* 801), the point stressed was absence of "notice of the contractual status." And in that case the contracts had been recorded. In *Thayer Co.* v. *First National Bank, Id.* 29, 907, the attaching creditor had no actual notice of any conditional sale contract, and the same was not recorded within the statutory ten days. In neither case is the language of the opinion more than mere *obiter dictum* on the point raised here, nor is it fairly susceptible of the narrow construction placed upon it. In *Brown* v. *Christian,* 97 *Id.* 56, the learned writer of the opinion obviously overlooked the definition of a conditional sale contract contained in section 1. Until that definition be changed, notice of an outstanding contract of conditional sale is necessarily notice of a provision reserving property in the seller. Any other rule must create all sorts of confusion as to the adequacy of notice of the "provision." I shall vote to reverse the judgment.

Mr. Justice Bodine and Judges Kays and Hetfield authorize me to say that they concur in the foregoing views.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, VAN BUSKIRK, McGLENNON, DEAR, JJ. 11.

*For reversal*—PARKER, BODINE, KAYS, HETFIELD, JJ. 4.