GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent, *v.* RAZ DELIVERY, INC., and Others, Appellants.

Fourth Department, May 10, 1933.

*Samuel Levy* and *Myer Miller*, for the appellants Raz Delivery, Inc., and Louis Weiss.

*Maurice G. Ellenbogen*, for the appellant O'Neil, as trustee of Raz Delivery, Inc.

*Isaac Adler*, for the respondent.

SEARS, P. J. On the 17th day of February, 1931, the Cool Chevrolet Corporation entered into two conditional sales contracts with the defendant Raz Delivery, Inc., each respecting an automobile (a car and a truck respectively). The contracts reserved the title to the property described in them to the vendor as security for the payment of the balance of the purchase price of the respective automobiles. These two contracts were duly filed with the Monroe county clerk on the 19th day of February, 1931. The plaintiff is the assignee of the contracts and of all of the rights of the vendor in respect to the debts arising out of the transactions and of the ownership of the cars to which the contracts relate.

Intermediate the making of these contracts and the filing of the same, defendant Raz Delivery, Inc., filed a voluntary petition in bankruptcy. Thereafter the defendant O'Neil was duly appointed first receiver and later trustee. O'Neil at the times of his appointments had personal knowledge of the conditional sales contracts, but it is stipulated and found that at the time of the making of the written contracts of conditional sales and up to the time of the filing of the petition in bankruptcy by the defendant Raz Delivery, Inc., there was at least one creditor of the defendant Raz Delivery, Inc., then in existence who was without notice of the provisions of the conditional sales contracts. The defendant trustee in bankruptcy during the liquidation of the estate sold the two automobiles to the

defendant Weiss free and clear of all liens and incumbrances, and Weiss in turn sold the car to the defendant Raz Delivery, Inc., which had been discharged in bankruptcy.

The general question is whether the title of the plaintiff to the car was superior to the title of the trustee in bankruptcy. The solution of this question depends upon the construction to be given to section 65 of the Personal Property Law, which is as follows: " Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided."

The subordinate questions are, *first*, whether the right of the trustee in bankruptcy was, under the circumstances, equivalent to that of a lien creditor without notice, and *second*, whether a right equivalent to that of a lien creditor, if acquired at all, was under the circumstances superior to the right of the plaintiff. The answer to the first of these subordinate questions depends upon the terms of clause (2) of subdivision (a) of section 47 of the Bankruptcy Act (U. S. Code, tit. 11, § 75, subd. [a], cl. [2]) which provides as follows: " Such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." The motor cars in question were in the custody of the court from the time the petition in bankruptcy was filed. (*Fairbanks Shovel Co.* v. *Wills*, 240 U. S. 642.) The trustee, by the very terms of the Bankruptcy Act quoted, is deemed vested with the rights of a lien creditor. A creditor without notice actually existed. Whatever may have been the notice to the trustee, as we read the Bankruptcy Act, he still is entitled to the position of a lien creditor without notice, as there was a creditor of the bankrupt who was without notice. (*Matter of Master Knitting Corp.*, 7 F. [2d] 11.) (See, also, *Matter of Holley*, 25 id. 979.) As to the second subordinate question, the trustee's right was superior to that of the conditional vendor unless the filing of the contracts on the day after the presentation of the petition in bankruptcy was sufficient under the terms of section 65 of the Personal Property Law to prevent the attaching of the right of the trustee in bankruptcy in superiority to that of the conditional vendor. It is argued and the learned County Court has substantially held that there must be read into the statute (Pers. Prop.

Law, § 65) a provision that the title of the conditional vendor is superior to the right of lien creditors without notice if the conditional contract is filed within a reasonable time, even if the filing postdates the lien creditors' right. There is no warrant in the statute for the interpolation of such a clause. Nowhere in the Personal Property Law is there any provision as to when the conditional sales contract must be filed. The defendant trustee in bankruptcy here was justified in selling the motor cars for the benefit of the bankrupt's estate and passed a clear title free from the conditional sale contract to the defendant Weiss. In the case of *Matter of Paramount Finishing Corporation* (259 N. Y. 558) the court was not dealing with a right equivalent to that of a lien creditor.

It is further argued by the plaintiff that as the conditional sales contract was only invalid through lack of filing, it remained at all times valid as to the conditional vendee, and being at all times valid as to the conditional vendee, the plaintiff may still assert its reserved title against it, the defendant Raz Delivery, Inc. We reject this argument. The reserved title which the conditional vendor retained was held as security only, and not absolutely. Had the purchase price been fully paid, the chattels would have become the vendee's without further transfer. Had the conditional sale contract been valid as to the trustee in bankruptcy, the vendor's claim against the bankrupt's estate would have been a secured claim, secured by the title to the chattels. Through the intervening right of the trustee in bankruptcy, the lien was lost, and the claim became an unsecured claim against the bankrupt's estate. The defendant Raz Delivery, Inc., has been discharged from this claim by the bankruptcy court. To assert its title affirmatively against the defendant Raz Delivery, Inc., is to assert also its claim against that defendant, which has, however, been discharged. The defendant Raz Delivery, Inc., is standing upon a title received indirectly from the trustee in bankruptcy and we know of no reason why it is not entitled to assert the validity of such title. The title to the motor cars which the plaintiff retained was invalid as to the trustee in bankruptcy solely because the plaintiff had not filed the contracts before bankruptcy intervened. No act or omission of the defendant Raz Delivery, Inc., contributed to the invalidity. That defendant has the same right to hold the chattels free of the claim of the plaintiff, the conditional vendor, as had the defendant Weiss, the immediate transferee from the trustee in bankruptcy.

We doubt the jurisdiction of this court to determine the controversy involved here as against the defendant O'Neil as trustee in bankruptcy. (*Vass* v. *Conron Bros. Co.*, 59 F. [2d] 969.) As the

trustee, however, does not raise the point on this appeal, we prefer to put our dismissal of the claim against the trustee on the merits.

The judgment should be reversed on the law, with costs, and judgment granted in favor of the defendant Raz Delivery, Inc., dismissing the plaintiff's complaint, and in favor of the defendants O'Neil and Weiss dismissing the pleading of defendant Raz Delivery, Inc., for recovery over against each of them.

All concur.

Judgment reversed on the law, with costs, and judgment granted in favor of the defendant Raz Delivery, Inc., against the plaintiff dismissing plaintiff's complaint, with costs, and in favor of defendants O'Neil and Weiss dismissing the pleadings for recovery over against each of them.