**In re YOUNGS CORNELL UTILITIES, Inc.**

**No. 31929.**

District Court, E. D. New York.

May 6, 1937.

Dills, Muecke & Schelker, of New York City (Moses Golden, of New York City, of counsel), for Commercial Credit Corporation.

Louis P. Rosenberg, of Brooklyn, N. Y., for trustee.

MOSCOWITZ, District Judge.

The petitioner, Commercial Credit Corporation, instituted proceedings in reclamation of a Dodge express 1½-ton truck, serial No. 8136382, motor No. T—23—37644, heard by the referee in bankruptcy herein on March 17, 1937. An order was entered denying the petition of Commercial Credit Corporation on April 9, 1937, and thereafter a petition for review was filed with the referee on April 19, 1937, on behalf of Commercial Credit Corporation. The trustee in bankruptcy moved to dismiss the petition for review and for an order confirming the referee's order, and the petitioner, Commercial Credit Corporation, cross-moved to reverse the order of the referee and for an order directing the trustee to return the vehicle to Commercial Credit Corporation, or the proceeds of the sale thereof, in the maximum sum of $304, the amount owing to Commercial Credit Corporation under the conditional sale contract held by it.

It appears that on September 11, 1936, the bankrupt purchased a 1936 Dodge express truck from Arthur L. Goodwin and J. J. Conway under a conditional sale contract reserving title to the truck in the sellers and their assignees. The bankrupt agreed to pay the sum of $662.83 for the truck, of which $81.83 was paid in cash and $125 allowed on a 1931 Ford car and the balance was to be paid in twelve equal monthly installments of $38 each, commencing October 11, 1936. The conditional sale contract was assigned to petitioner, Commercial Credit Corporation, on or about September 11, 1936. The bankrupt paid four installments aggregating $152 and defaulted in the payment of an installment due February 11, 1937, leaving a balance of $304 due and owing to Commercial Credit Corporation under the terms of the conditional sale contract. Thereaft-

er, on February 2, 1937, the bankrupt filed a voluntary petition in bankruptcy.

It is conceded that on the date the petition in bankruptcy was filed the conditional sale contract had not been filed pursuant to the provisions of section 65 of the New York Personal Property Law (Consol. Laws, c. 41), which reads as follows: "Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided. This section shall not apply to conditional sales of goods for resale."

█ Notwithstanding this concession, the petitioner urges that actual notice was imparted to the trustee in bankruptcy by the listing of the conditional sale contract in the schedules, filed simultaneously with the petition in bankruptcy, and that therefore the trustee is charged with such notice as would justify the allowance of the claim for the return of the property. I am not persuaded that there is sufficient validity to this contention to justify a reversal of the referee's order.

█ There might be warrant for upholding the contention urged if it could be said that the trustee became clothed with the right of a judgment creditor as of the date of his appointment. But it is held, under a construction of section 47a, as amended, of the Bankruptcy Act (11 U.S.C.A. § 75 (a), in the case of Bailey v. Baker Ice Machine Company, 239 U.S. 268, 36 S.Ct. 50, 60 L.Ed. 275, that a trustee in bankruptcy take the status of such a creditor as of the time when the petition in bankruptcy is filed. The property of the bankrupt comes into the custody of the bankruptcy court on the filing of the petition, and such filing is a caveat to all the world, in effect an attachment and injunction, Mueller v. Nugent, 184 U.S. 1, 14, 22 S.Ct. 269, 46 L.Ed. 405, and places the estate in custodia legis, Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 32 S.Ct. 96, 56 L.Ed. 208.

Petitioner, however, points to the following language in the case of In re Golden Cruller & Doughnut Co., Inc. (D.C.) 6 F.(2d) 1015, 1016, to support its contention: "Assuming, but not deciding, that where there are no judgment creditors the trustee is in the same position as a creditor who has procured a lien by judgment, the trustee in this case acquired no rights before having actual notice of the conditional sales contract; the schedules in bankruptcy exploiting such sales contracts."

█ But it is not to be gainsaid that there are authorities opposed to the cited case, In re Holley (D.C.) 25 F.(2d) 979; In re Master Knitting Corporation (C.C.A.) 7 F.(2d) 11; In re Douglas Lumber Co. (D.C.) 2 F.(2d) 985; General Motors Acceptance Corp. v. Raz Delivery, Inc. et al., 238 App.Div. 277, 264 N.Y.S. 412; and, if a choice must be made, I am convinced that the cases just referred to pronounce the acceptable law. To hold that such notice, viz., that obtained from schedules filed simultaneously with the petition, is sufficient to bind the trustee with respect to unrecorded conditional sale contracts, would be to announce a precarious and unsatisfactory doctrine. The term "notice," in its true connotation, carries with it the significance of advice upon which some right may be predicated, but, when such notice only reaches the trustee at the same moment when his right without notice attaches (Bailey v. Baker Ice Machine Company, supra), it seems that such notice can only be fairly construed as being equivalent to no notice at all. In re Douglas Lumber Co. (D.C.) 2 F.(2d) 985. Furthermore, as pointed out in Re Holley, supra, there is no justification for ascribing to Congress the intention that a voluntary bankrupt by merely truthfully scheduling a claim of this nature and filing the schedules with the petition could dislodge the otherwise prior character of the trustee's title. It cannot be that the bankrupt was intended to be vested with the power of controlling the validity or invalidity of the lien under the contract of conditional sale. Such, none the less, would be the result if the petitioner's contention were accepted. By filing the schedules with the petition the bankrupt could make the contract good; by withholding them and filing the same the next day he could defeat it.

█ Nor is it significant that the status of creditors has not yet been ascertained. It is sufficient that there may be creditors who might assert rights superior to the conditional vendor and the trustee accordingly is still held in position to take advantage of the provision of section 70e of the Bankruptcy Act (11 U.S.C.A. § 110 (e). Cf. In re Holley, supra.

Motion to confirm referee's report is granted and the cross-petition for a reclamation order is denied.

Settle order on notice.