In the Matter of Albert **LINDSEY**, Bankrupt.

No. B-596-54.

United States District Court
D. New Jersey.

May 10, 1955.

SMITH, District Judge.

This matter is before the Court on a petition for review filed herein pursuant to Section 39, sub. c of the Bankruptcy Act as amended, 11 U.S.C.A. § 67, sub. c. The petitioner, a creditor of the bankrupt, alleges that it is aggrieved by the dismissal of a petition in reclamation. The relevant facts are not in dispute and the only question presented for determination is one of law.

The petitioner sold and delivered to the bankrupt certain articles of household furniture, which are particularly described in the petition in reclamation. The sale of the furniture was made subject to two "Lease Contracts," admittedly contracts of conditional sale under the Uniform Conditional Sales Law of New Jersey, R.S. 46:32–2, N.J.S.A. 46:-32–2. These contracts, executed on May 28 and June 28, 1954, reserved to the petitioner, as seller, title in the furniture until the balance due was paid, with a right to retake possession upon the bankrupt's default. A voluntary petition in bankruptcy was filed by the bankrupt on December 10, 1954 and an order of adjudication was entered thereon on the same date. It is conceded that at that time the bankrupt was in default on the sales contracts.

The petition in reclamation was filed by the petitioner on January 24, 1955. The claim to the furniture therein described was based solely on the "Lease Contracts" which were not filed as required by the Uniform Conditional Sales Law until December 14, 1954, three days after the petition in bankruptcy was filed. The petition in reclamation was opposed by the trustee on the ground that the "Lease Contracts" were void as to him. The Referee in Bankruptcy, after hearing, dismissed the petition in reclamation and sustained the claim of the trustee.

The validity of the mortgages as to creditors is governed by Section 11 of the Uniform Conditional Sales Law, R.S. 46:32–11, N.J.S.A. 46:32–11, which reads as. follows: "Every provision in

Joseph Kraemer, Newark, N. J., for claimant.

John C. Galliard, Newark, N. J., for trustee.

a conditional sale *reserving property in the seller,* shall be void as to any purchaser from or *creditor of the buyer,* who, *without notice of such provision,* purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as provided in this chapter, unless such contract or copy is so filed *within ten days* after the making of the conditional sale." (Emphasis by the Court.)

This section of the statute was construed by the Court of Errors and Appeals of New Jersey in the case of Commercial Credit Corporation v. Smith, 106 N.J.L. 94, 148 A. 756, 72 A.L.R. 161. It was therein stated, 148 A. at page 757: "It is to be borne in mind that the statute makes every provision in a conditional sale reserving property in the seller void as to any judgment creditor of the buyer, who, without notice of such provision, acquires a lien upon the goods by virtue of a levy, unless such contract or a copy thereof is filed as required by the statute. And the rule is that, in the absence of such filing, in order to defeat the rights of such a judgment creditor under such a levy, he must be shown to have had knowledge or notice, not only of the existence of the contract, but of the *provision thereof reserving property in the seller* at the time the writ was executed. The mere fact of knowledge * * * of the existence of a conditional sales contract, without more, does not import knowledge of the specific provisions contained in the contract." (Emphasis by the Court.)

It is conceded that there is contained in the schedules, filed simultaneously with the petition in bankruptcy, a brief notation which disclosed the existence, but not the provisions, of the conditional sales contracts. It is argued by the petitioner that this was adequate notice of the conditional sales contracts and defeated the right of the trustee to claim the property in question. The argument is clearly without merit.

Section 70, sub. c of the Bankruptcy Act as amended, 11 U.S.C.A. § 110, sub. c, is determinative of the status of the trustee. The pertinent clause of this section reads as follows: "The trustee, as to all property, whether or not coming into possession or control of the court, *upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings* at the date of bankruptcy, shall be deemed vested as of such date with all the *rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."* (Emphasis by the Court.)

It is clear that under the pertinent provisions of the State law a conditional sales contract is void as to any creditor who, without notice of the reservation of title, "acquires by attachment or levy a lien" upon the chattels before the contract or a copy thereof is filed. It has been held that under the provisions of Section 70, sub. c of the Bankruptcy Act, supra, the trustee is clothed with the status of a lien creditor without notice as of the date of the bankruptcy. Hoffman v. Cream-O-Products, 180 F.2d 649, 650; certiorari denied 340 U.S. 815, 71 S.Ct. 44, 95 L.Ed. 599; Robbins v. Bostian, 8 Cir., 138 F.2d 622, 625; In re Chappell, D.C., 77 F.Supp. 573; In re Youngs Cornell Utilities, D.C., 20 F.Supp. 381; In re Miller, D.C., 6 F. Supp. 79; see also 4 Collier on Bankruptcy, 14th Edition, 1278 et seq. A notation in the schedules disclosing the existence of a conditional sales contract does not adversely affect this status. In re Holley, 8 Cir., 25 F.2d 979, 980; In re Chappell, In re Youngs Cornell Utilities, In re Miller, supra. See also Collier on Bankruptcy, supra.

The order of the Referee in Bankruptcy is affirmed.